**James FLORER, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 85–1273.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1985.

Decided Nov. 19, 1985.

Murrey L. Grider, Pocahontas, Ark., for appellant.

(171)

Debra L. Hollis, Dept. of Health & Human Services, Baltimore, Md., for appellee.

Before HEANEY, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

HEANEY, Circuit Judge.

James Florer appeals from the district court's decision upholding the Secretary's determination that because Florer retains the residual functional capacity to perform sedentary work, he is not entitled to social security benefits. For the reasons cited in *Lanning v. Heckler*, 777 F.2d 1316, decided this day, we remand.

As in *Lanning*, the Administrative Law Judge (ALJ) and the Secretary concede that the claimant is unable to perform his past relevant work. Once again, however, the ALJ failed to indicate who bore the burden of proving whether the claimant was able to perform any substantial gainful activity. Additionally, the ALJ once again did not make an express credibility determination when he discredited the claimant's testimony regarding his pain and limitations. Given these facts, *Lanning* and previous 8th Circuit decisions require that we reverse and remand.

This case presents certain questions which did not arise in *Lanning*, but which should also be considered upon remand. We first note that the ALJ in this case did not call in a vocational expert to aid him in determining whether there were jobs in the national economy which the claimant could perform, choosing instead to rely entirely on the medical-vocational guidelines contained in the Secretary's regulations. On remand, the ALJ should consider the necessity of calling in a vocational expert in light of our decisions in *Jelinek v. Heckler*, 764 F.2d 507, 511 (8th Cir.1985), *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir.1984), and *McCoy v. Schweiker*, 683 F.2d 1138, 1148 (8th Cir.1982).

We reject Florer's argument that the Secretary should have found him to be disabled under 20 C.F.R. § 404.1520(d). When a claimant has one of the serious impairments listed in Appendix 1, section 404.1520(d) requires an automatic finding of disability without considering age, education, and work experience. Specifically, we find that there was substantial evidence supporting the Secretary's finding that Florer's impairments did not meet all the requirements of 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.03(A),[1] since there was no evidence of joint instability.[2]

Reversed and remanded for further proceedings consistent with this decision.

---

1. Under this section, a claimant is disabled if there is

   [a]rthritis of a major weight-bearing joint (due to any cause) with limitation of motion and enlargement or effusion in the affected joint, as well as a history of joint pain and stiffness. With:

   A. Gross anatomical deformity such as subluxation, contracture, bony or fribrous ankylosis, or instability[.]

2. Medical evidence does indicate a limitation of motion. The Secretary states that Florer has full extension of both knees, with "flexion of the left knee limited to 95 degrees and flexion of the right knee limited to 110 degrees (Tr. 94)." He based this finding on a February 2, 1982 report by Dr. Smith. This report, however, also stated that "the prognosis is for continued degeneration of the knees and no improvement in these respects." This prognosis was borne out by examinations conducted on August 30, 1982, by the Veterans Administration. Dr. Northington reported a decrease in the range of motion: "Left knee extension 175 degrees, 90 degress flexion prone position; right knee is 170 degrees knee extension, with 90 degrees flexion prone position." (Tr. 104) It appears, therefore, that in a seven-month period, Florer lost about 10 degrees in the range of motion of his left knee, and about 30 degrees in his right knee. Dr. Baskurt, a radiologist, reported that "[a]s compared with initial 1980 films there is now additional degenerative changes of moderate severity which were absent before." (Tr. 107)