**Carol HOLLAND, Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services of the United States, Appellee.**

**No. 84–2243.**

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1985.

Decided July 18, 1985.

Kay Delafield, Ottumwa, Iowa, for appellant.

Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ROSS, Circuit Judge.

Carol Holland seeks review of a district court order affirming the denial of supplemental security income disability benefits under the Social Security Act, 42 U.S.C. §§ 1381–1385 (1982). On appeal Holland alleges 1) that the Secretary failed to meet her burden of proving that Holland was able to engage in sedentary work, 2) that the ALJ ignored medical evidence and expert opinion regarding a severe mental impairment, 3) that the ALJ erred in applying the grid where nonexertional impairments were found, and 4) that the ALJ erred in requiring objective medical evidence to support claimant's testimony as to pain. We find that the Secretary's decision is not supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g) (1980). Consequently, we vacate the judgment of the district court and remand with directions to award Holland benefits for the period in question.

## FACTS AND EVIDENCE

In July 1981, Holland's right foot was partially severed by a lawn mower. She underwent surgery twice in about a one year interval which resulted in amputation of her toes and part of her foot. She allegedly continues to have physical pain in addition to anxiety and depressive symptoms. Holland's past work history includes being a waitress, nurses' aide, egg candler, and an assembly line worker. She has an eleventh grade education and a history of unskilled work.

Holland testified that even after the surgeries she still experiences "squeezing-pin-prick" pain, that she has difficulty with her balance, walking, squatting, lying, carrying, sitting, pushing and pulling. She testified that she takes Feldene and aspirin for pain, that her memory and ability to concentrate is affected, that she is scared of people, agitated, and is suicidal. Mrs. Holland's husband corroborated her testimony.

Dr. Brindley, a treating physician, indicated in May 1982 that Holland had a full range of motion in her foot and ankle, but that she should avoid "prolonged standing, walking, running or balancing on the ball of that foot." In August 1982 Dr. Brindley stated that he felt Holland had been disabled since July 25, 1981, due to the pain from the partial amputation. Again, in September 1982, following additional surgery, Dr. Brindley indicated that Holland was unable to return to work.

Dr. Lacey, also Holland's treating physician, stated that Holland was experiencing "a significant physical and psychiatric disorder," which was severe enough to "interfere with * * * [Holland's] ability to be gainfully employed." In April 1983 Dr. Lacey further stated that Holland was "seriously impaired in terms of the work situation." Dr. Lacey attributed his opinion to the fact that Holland experienced chronic pain syndrome, and that Holland would require medication and psychotherapy for 8–12 months to resolve her psychiatric disorder.

The ALJ found:

Regulation 416.920 requires a sequential evaluation of disability claims. The claimant testified, and there is no evidence to the contrary, that she has not engaged in any substantial gainful activity since the alleged onset of disability date. A review of the objective medical record shows the claimant does have severe physical and mental impairments that significantly limit her ability to perform basic work activity. Specifically, the claimant's physical impairment has restricted her ability to walk, stand, and push/pull leg controls using her right lower extremity. The claimant's mental impairment has restricted the claimant's ability to respond appropriately to supervisors, co-workers, and usual work situations. Nevertheless, neither impairment alone or in combination meets or equals the level of severity of the "Listing of Impairments" in Appendix 1, Subpart P, Regulations No. 4. However, with the above limitations, the undersigned must find that the claimant would be unable to return to her prior relevant work.

The ALJ then considered whether Holland could do any other work. The ALJ found her to be 25 years of age with limited education, and further found that Holland possessed the ability to do sedentary work within 12 months of her initial injury. The ALJ stated that Holland's allegations of severe pain while in a sitting position could not be reasonably expected to occur at the level alleged. The ALJ found Dr. Brindley's contention that Holland was disabled by the pain since the time of her original injury not to be credible. The ALJ further found that Holland's depression was not so severe as to preclude her from performing most sedentary jobs. The district court affirmed the ALJ.

1. Sedentary work is defined at 20 C.F.R. § 404.-1567(a) as:
    (a) **Sedentary work.** Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary ·in

## DISCUSSION

Our review is limited to whether the administrative findings are supported by substantial evidence on the record as a whole. *Ledoux v. Schweiker*, 732 F.2d 1385, 1387 (8th Cir.1984); *Nettles v. Schweiker*, 714 F.2d 833, 835 (8th Cir.1983); 42 U.S.C. § 405(g). A review of the entire record convinces us that the ALJ did not fully consider Holland's allegations of pain as substantiated by the medical evidence, did not adequately consider Holland's psychiatric disorder, and failed to shift the burden of proof to the Secretary to show Holland's ability to perform sedentary work.

### A. Burden of Proof.

The evidence is clear that Holland could not return to her previous work, and thus, the ALJ's conclusion to this effect was correct. Consequently, the burden of proof shifted to the Secretary to show there is other work in the national economy that Holland could perform. *Nunn v. Heckler*, 732 F.2d 645, 649 (8th Cir.1984); *Jackson v. Schweiker*, 696 F.2d 630, 631 n. 1 (8th Cir.1983); *Gilliam v. Califano*, 620 F.2d 691, 693 (8th Cir.1980). The Secretary has the burden of establishing a claimant's residual functional capacity by substantial evidence. *McDonald v. Schweiker*, 698 F.2d 361, 364 (8th Cir.1983). The Secretary failed to show that Holland was capable of performing sedentary work as defined in 20 C.F.R. § 404.1567(a).[1] The Secretary, in fact, offered no evidence of Holland's abilities, nor was a vocational expert called to testify.[2] Because the ALJ failed to shift the burden to the Secretary, we find this to be reversible error.

### B. Mental Impairment.

The ALJ in his opinion finds Holland has a "severe * * * mental impairment" and

carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

2. We note that the ALJ applied the grid and found Holland to be disabled. However, as we note in Section 3 of this opinion, application of the grid was error.

states "the claimant's mental impairment has restricted the claimant's ability to respond appropriately to supervisors, co-workers, and usual work situations." The ALJ concluded that Holland could not return to her past relevant work. However, the ALJ then states that "there is not sufficient evidence of record to show that the claimant's mental impairment would significantly restrict the number of jobs the claimant would be capable of performing," in regard to sedentary work. Furthermore, the ALJ stated that there "is no objective medical evidence to show that the claimant's mental impairment is disabling."

■ Dr. Lacey's statements fully corroborate Holland's claims. Furthermore, it is unclear how the ALJ found the mental impairment to be so disabling that Holland could not return to her previous work, yet this same impairment was not so disabling to stop Holland from doing sedentary work. These findings, besides being inconsistent, are not supported by substantial evidence. There is no basis for the ALJ's decision in this regard. On the contrary, Holland's claims concerning the mental impairment are fully corroborated by the medical evidence as well as the nonmedical testimony.

## C. Pain.

Holland argues that the evidence, both subjective and objective, shows that she experiences severe pain as a result of her accident. The government argues that the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, provides that allegations of pain do not by themselves constitute evidence of disability.[3] Rather, there must be objective medical evidence of an impairment which could reasonably be expected to produce the pain.

■ From a review of all the evidence and testimony, it appears that Holland was clearly in pain, as supported by medical evidence, from July 1981 through August 17, 1982, when she underwent additional surgery for this pain. As late as October 11, 1982, Dr. Brindley noted that Holland was still experiencing pain. The ALJ believed that Holland was experiencing pain, but found it not to be so severe as to preclude a complete range of sedentary work. This finding is not supported by substantial evidence. An ALJ may not disregard the severity of a claimant's complaints of pain solely on the basis of observation. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir.1984) (citing stipulation of parties). "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Id.*

■ The evidence does not support a finding that Holland's pain was such that she could perform sedentary work.[4] The ALJ did not have a vocational expert testify as to the jobs in the economy that Hol-

**3.** Under the new pain standard, Section 3(a)(1) of the Act provides:

An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a con-

clusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

**4.** The ALJ further erred in separately considering Holland's complaints of mental and physical impairments. The ALJ first considered Holland's physical impairments in conjunction with the grid, and then the ALJ separately discussed the mental impairment. The ALJ is required to view a claimant in view of her total impairments and not in an individual manner. *See Camp v. Schweiker*, 643 F.2d 1325, 1333 (8th Cir.1981).

land could perform. On the contrary, the ALJ instead applied the grid.

■ We note that it was inappropriate for the ALJ to apply the grid (20 C.F.R. § 404, Subpart P, Appendix 2) in making a finding that Holland was not disabled. Where nonexertional impairments exist, and here we have pain and a mental disorder, application of the grid is totally inapplicable. *Carpenter v. Heckler*, 733 F.2d 591, 593 (8th Cir.1984); *Nicks v. Schweiker*, 696 F.2d 633, 636 (8th Cir.1983).

■ Here, the evidence of pain is not conflicting and must be given the proper weight. *McDonald v. Schweiker, supra*, 698 F.2d at 365. The ALJ's conclusion that Holland was not suffering from severe pain is not supported by substantial evidence.

**CONCLUSION:**

Because we find substantial evidence on the record as a whole that Holland was disabled within the meaning of the Act, we reverse the district court with directions to enter judgment awarding disability benefits to Holland.