**Donald L. LANNING, Appellant,**

v.

**Margaret HECKLER, Secretary of the Department of Health and Human Services, Appellee.**

No. 85–1005.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1985.

Decided Nov. 19, 1985.

Gordon Gamm, Kansas City, Mo., for appellant.

Linda L. Parker, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

HEANEY, Circuit Judge.

Donald L. Lanning appeals to this Court from a decision of the United States District Court for the Western District of Missouri affirming the decision of the Secretary that Lanning is not entitled to social security benefits because he retains the residual functional capacity for sedentary work. We have carefully reviewed the record and conclude that we have no alternative but to remand to the administrative law judge (ALJ) for further proceedings. The principal reason for this decision is that the ALJ did not properly indicate who had the burden of proof in assessing whether Lanning was able to perform any substantial gainful activity.

■■■ Lanning turned 55 in 1983, the year in which the administrative hearing was held. He worked as a police officer and security guard from 1960 to 1980. In August of 1980, Lanning was forced to retire due to heart problems; in November of that year, he underwent triple heart bypass surgery. It is conceded by the Secretary and the ALJ that Lanning is unable to perform his past relevant work as police officer, detective and security guard. The question, thus, is whether Lanning can perform other work. The ALJ found that he could perform sedentary work. In making this decision, the ALJ did not properly indicate who had the burden of proof. This Court has consistently held that if the claimant is not able to return to his former job, the burden of proof shifts to the Secretary to establish that there is other work in the national economy that he can perform. *See e.g., Holland v. Heckler,* 768 F.2d 277,

280 (8th Cir.1985); *McDonald v. Schweiker,* 698 F.2d 361, 364 (8th Cir.1983). Additionally, if the ALJ fails to expressly recognize this shift in the administrative decision, we must assume that the burden of proof was improperly allocated. *E.g., Fazio v. Heckler,* 760 F.2d 187, 188 (8th Cir. 1985) (per curiam); *Allred v. Heckler,* 729 F.2d 529, 531 (8th Cir.1984) (Court unwilling to assume implicit recognition of shift in burden of proof). Here, the ALJ failed to recognize that the burden of proof shifted to the Secretary. Since this is not a case where we can say for certain that the claimant either would have won or lost irrespective of who shouldered the burden of proof, we must remand. *See e.g., Douglas v. Schweiker,* 734 F.2d 399, 400 (8th Cir.1984) (evidence not strong enough to hold as a matter of law that claimant able to perform light or sedentary work); *Allred,* 729 F.2d at 531 (evidence not so strong that proper application of burden of proof would be irrelevant).

■ In light of the fact that we must remand for further administrative proceedings, we think it important to comment on additional matters. The ALJ found that although Lanning's testimony regarding his limitations and pain was credible to the extent that he claimed an inability to perform his past relevant work, it was not credible to the extent of any inability to perform certain sedentary work. The ALJ, however, failed to make an express credibility determination detailing why he rejected Lanning's testimony, as required by this Court. *See O'Leary v. Schweiker,* 710 F.2d 1334, 1342 (8th Cir.1983); *Tucker v. Schweiker,* 689 F.2d 777, 781 (8th Cir.1982). The ALJ's rationale for disbelieving Lanning's testimony appears to be his personal observation that Lanning was able to sit for one and one-half hours during the hearing. This Court and the United States Department of Justice have agreed that the ALJ may not reject a claimant's subjective complaints solely on the basis of personal observations. *Polaski v. Heckler,* 739 F.2d 1320, 1321–22 (8th Cir.1984). Moreover, the record provides no explanation for the ALJ's failure to fully credit Lanning's

claims. There is no evidence of malingering—Lanning worked two jobs for a total of over 50 hours a week, for 20 years. He never collected medical disability or worker's compensation until his heart and other medical problems forced him to retire. Although Lanning offered testimony by third persons which would have corroborated his testimony, the ALJ refused to hear it, saying, "It just takes too much time to hear a lot of corroborative testimony. But I've made a note mentally and otherwise that the witnesses would corroborate the claimant's testimony." Interestingly, the ALJ himself found that Lanning was "a fairly credible individual." He added, "I don't think he needs significant corroboration." (Administrative hearing transcript at 147–48).

The ALJ also failed to give full consideration to the report of Dr. Devins, Lanning's treating physician. Dr. Devins reported that both he and the cardiologist believed that Lanning was totally disabled due to continuing chest and leg pains and lethargy despite surgery and the use of the following drugs: Diazide, Inderol, Procardia, Lasix and Coumadin. Dr. Devins's reports stated that Lanning suffered from arteriosclerotic heart disease, angina pectoris with crushing chest pain, shortness of breath, fatigue, deep venous incompetency, and stasis dermatitis. The ALJ disregarded this medical opinion, basing his determination on a consulting physician's report. This latter report did not address Lanning's ability to perform sedentary work. It did, however, state that Lanning's impairments might prevent employment in a strenuous occupation, and would prevent "Lanning from lifting more than 40 lbs of weight or climbing more than one flight of stairs in performing his duties." This Court has stated that "the report of a consulting physician who examined that claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Hancock v.*

*Secretary of Dept. of Health, Education and Welfare,* 603 F.2d 739, 740 (8th Cir. 1979); *see also McGhee v. Harris,* 683 F.2d 256, 259 (8th Cir.1982).

In order for the ALJ to find that Lanning is able to perform sedentary work, he must find that such work is *"realistically* within the physical and mental capabilities of the claimant." *See McMillian v. Schweiker,* 697 F.2d 215, 221 (8th Cir.1983) (quoting *Timmerman v. Weinberger,* 510 F.2d 439, 442 (8th Cir.1975). As we stated in *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982), "[t]he [residual functional capacity] that must be found * * * is not the ability merely to lift weights occasionally in a doctor's office; it is the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world."[1]

Accordingly, we reverse and remand for further proceedings consistent with this decision.

---

1. In the case of sedentary work, this entails lifting up to 10 pounds at a time and occasionally lifting and carrying files, ledgers and small tools. Although it generally involves sitting, a certain amount of walking and standing is often required. *See* 20 C.F.R. § 404.1567(a) (1983).