**Donald E. ULRICK, Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 85–1504.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1985.

Decided Dec. 31, 1985.

Philip H. Dorff, Jr., Des Moines, Iowa, for appellant.

Caroline P. Egli, Des Moines, Iowa, for appellee.

Before HEANEY, JOHN R. GIBSON, and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Donald E. Ulrick appeals from a judgment of the district court affirming the Secretary of Health and Human Services' denial of his claim for disability insurance

benefits under title II of the Social Security Act [the Act], 42 U.S.C. §§ 401–433 (1982), and supplemental security income benefits under title XVI of the Act, 42 U.S.C. §§ 1381–1385 (Supp.1984). We conclude that the administrative law judge (ALJ) failed to allocate to the Secretary the burden of proving that Ulrick is capable of performing other work in the national economy. In addition, we conclude that in deciding that there were available jobs which Ulrick could reasonably perform, the ALJ improperly relied on the opinion testimony of a vocational expert elicited from confusing and imprecise hypothetical questions. We therefore reverse the district court's judgment and remand the case for further hearings.

Ulrick is 48 years old and is a high school graduate. Before August 1979, the onset of disability date, Ulrick worked at a variety of construction industry jobs including laborer, carpenter, heavy equipment operator, and construction superintendent. On July 13, 1979 Ulrick was laid off from his job after he missed two days of work allegedly due to illness. Ulrick has not engaged in substantial gainful activity since that time.

On November 2, 1979 Ulrick filed a claim for disability benefits under the Act. These applications were denied at both the initial and reconsideration levels. On petition for review the district court remanded the case for additional medical findings and further hearings. The ALJ found on rehearing that "the medical evidence established that the claimant has severe psoriatic arthritis, chronic obstructive pulmonary disease, a history of hypertension, a history of hemorrhoids, a history of injury to left median nerve, degenerative joint disease, and a history of pharyngeal diverticulum...." *Donald E. Ulrick*, No. 483–38–9908, slip op. at 16 (Sept. 23, 1983). The ALJ also found that Ulrick was unable to return to his work in the construction industry due to his ailments. *Id.* He concluded, however, that Ulrick is capable of performing light sedentary work and is therefore not disabled under the Act. *Id.* The district court affirmed.

■ We have held repeatedly that if a claimant is unable to return to his prior occupation, the burden shifts to the Secretary to establish that there is other work in the national economy which the applicant can perform. *Lanning v. Heckler*, 777 F.2d 1316, 1317 (8th Cir.1985); *Holland v. Heckler*, 768 F.2d 277, 280 (8th Cir.1985). Further, where the ALJ fails to expressly recognize that this burden lies with the Secretary, we will assume that the burden of proof was allocated improperly. *Lanning v. Heckler*, 777 F.2d 1316, 1317 (8th Cir.1985); *Allred v. Heckler*, 729 F.2d 529, 531 (8th Cir.1984).

■ Here the ALJ failed to indicate that the burden had shifted to the Secretary to establish the availability in the economy of other jobs which Ulrick can perform. Since the record does not clearly indicate that Ulrick would have been denied benefits regardless of the burden of proof, we must remand.

While we remand for the reasons we have discussed above, we are also troubled by the series of hypothetical questions, extending over some fifteen pages of transcript, which the ALJ propounded to the vocational expert. The ALJ relied on the vocational expert's responses to these questions to reach his conclusion that there were jobs involving light sedentary work available in the economy which Ulrick could perform. Ulrick argues that the hypthetical questions were defective because they did not include the fact that Ulrick could sit or stand only for very short time periods.

We have held that a hypothetical question must precisely set out all of the claimant's impairments. *Baugus v. Secretary of Health & Human Services*, 717 F.2d 443 (8th Cir.1983); *O'Leary v. Schweiker*, 710 F.2d 1334, 1343 (8th Cir.1983). The extent to which the ALJ found limitations on Ulrick's ability to sit or stand should be clearly set forth in the hypotheticals. In addition, we believe the hypothetical questions in this case were sufficiently imprecise and confusing to raise some doubt whether the witness understood what was being asked.

On remand the questions should be amended to include, in a comprehensible manner, the extent of Ulrick's inability to sit or stand while working.

We therefore reverse the judgment of the district court with orders that it remand the case to the Secretary for further hearings consistent with this opinion.

FAGG, Circuit Judge, dissenting.

I respectfully dissent. The court concludes the ALJ's failure to indicate in its opinion that the burden shifted to the Secretary to establish the presence of other jobs in the economy that Ulrick could perform results in an automatic reversal. I can not agree when, as here, Ulrick was represented by counsel and failed to raise the issue either to this court or to the Secretary. "Simple fairness * * * requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice." *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952).

Here, Ulrick had the opportunity to object to the ALJ's failure to observe that the burden of proof had shifted when he appealed that decision to the Appeals Council. Furthermore, Ulrick not only failed to present the issue to the Appeals Council but has not attempted to raise it on appeal either to the district court or to this court.

Nowhere in Ulrick's brief does he discuss the issue of whether the burden of proof properly shifted to the Secretary. Indeed, Ulrick's brief is structured as though he assumes the ALJ allocated correctly the burden of proof in this case. Ulrick argues simply that there is no substantial evidence to support the Secretary's denial of his disability claim. Thus, the court has exalted form over substance by deciding on its own motion to reverse the district court and remand the case to the Secretary for further hearings because "the ALJ fail[ed] to expressly recognize that [the] burden lies with the Secretary." *Ante* at 1382.

Because I find substantial evidence in the record to support the Secretary's decision, I would affirm.