**Willie T. FRACTION, Appellant,**

v.

**Otis R. BOWEN,\* Secretary of Health and Human Services, Appellee.**

**No. 85–1696.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1986.

Decided April 3, 1986.

* Otis R. Bowen has succeeded Margaret M. Heckler as Secretary of Health and Human Services, and the court on its own motion substitutes him as appellee. *See* Fed.R.App.P. 43(c)(1).

Leffel Gentry, Little Rock, Ark., argued, for appellant; Alan J. Nussbaum, Little Rock, Ark., rebuttal.

Julie Simpson, Baltimore, Md., for appellee.

Before McMILLIAN, JOHN R. GIBSON, Circuit Judges, and MURPHY,** District Judge.

DIANA E. MURPHY, District Judge.

Willie T. Fraction appeals from a final judgment in favor of the Secretary of Health and Human Services (Secretary), who denied Fraction's application for disability insurance benefits. For the reasons discussed below, we reverse and remand.

Fraction was born in 1932 and had eight or nine years of education. He has worked all his life as a laborer, often holding two jobs at a time. During the relevant period, he worked as a laborer at a dry cleaning plant. He asserts that he has been disabled since July 1982 due to a heart condition, high blood pressure, gout, arthritis in his knees, and numbness in his right hand.

The medical evidence indicates that Fraction underwent triple or quadruple coronary artery bypass surgery in March 1980, but subsequently returned to work. In February 1982, Fraction was hospitalized for chest pains. The following month, he was again admitted to the hospital for evaluation of right arm and shoulder pain.

Physical therapy appeared to produce some improvement, but Fraction was back in the hospital later that month. At that time, he underwent anterior cervical decompression and fusion surgery at the C5–6 and C6–7 levels. In May 1982, Dr. Wilbur Giles stated that Fraction was doing well and that he would be permitted to return to work later that month. The next document in the record, however, indicates that Fraction was experiencing continued trouble. Dr. Giles recommended that an EMG and nerve conduction study be done in three months if his symptoms persisted. In August 1982, Fraction again sought medical treatment for an outbreak of gout in his foot.

In September 1982, Fraction consulted with Dr. Ronald Hall. Dr. Hall diagnosed arteriosclerotic heart disease, and stated that he could not "definitely exclude" that some of Fraction's discomfort was anginal. He relied on a prior exercise stress test demonstrating normal exercise capacity. Dr. Hall also diagnosed hypertension under "fair control," a history of gout with current symptoms, exogenous obesity, and cervical spine disease with nerve root compression, with continuing symptoms. At the time, Fraction was taking two medications, and Dr. Hall restarted two others.

Dr. Hall's reevaluation of Fraction two months later differed little from his September evaluation.

In December 1982, Dr. Jock Cobb, a consulting physician for the Secretary, examined Fraction. Dr. Cobb diagnosed a history of arteriosclerotic heart disease, post operative surgical grafting, exogenous obesity, gouty arthritis, and cervical spine disease with nerve decompression. Dr. Cobb noted continued cardiovascular symptoms after "significant physical activity" such as walking up stairs, and continued experiences of numbness and tingling weakness. Dr. Cobb concluded:

This gentleman has rather significant cardiovascular disease and ASHC with

** The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota, sitting by designation.

previous bypass. It is my opinion from his symptomatology it would be difficult for him to do significant work activity, although a stress test probably would be very helpful to determine this. (T–307)

No subsequent stress test appears in the record. Nor is there any indication of a EMG and nerve conduction study, which had been recommended by Dr. Giles.

At an August 1983 hearing before an Administrative Law Judge (ALJ), Fraction testified that his neck was frequently stiff and painful, that he experienced numbness in his right knee, and that he could pick things up, but not hold onto them. He complained of swelling in his left foot, which required him to use crutches or a walking stick. He stated that he could sit for only 15 to 20 minutes, that his knees bothered him when he stood, that he had difficulty climbing stairs, and that he could walk only about a block without experiencing symptoms. He testified that he sometimes accompanied his wife to the grocery store, but could not walk throughout it or carry groceries, that he could not mow the lawn anymore, and that he could not drive far enough to go fishing. He stated that he attended church regularly but could no longer serve as an usher because he could not stand long enough. Fraction reported that he took nytroglycerin for heart symptoms, zyloprin, wytensin, omnipen, indocin, and motrin, and that these medications made him "druggy and sleepy." His wife and step-daughter also testified about his symptoms and pain and about his inability to perform simple household tasks.

The ALJ denied benefits "[a]fter considering the medical facts alone." He concluded that Fraction did not have any impairments which significantly limited his ability to do basic work activity. In his review of the medical record, the ALJ failed to acknowledge Dr. Cobb's evaluation that it would be difficult for Fraction to do significant work activity. Nor did the. ALJ note the recommendations of Drs. Giles and Cobb that further tests would be appropriate. Nonetheless, the ALJ found the "medical findings, medication and observation of the claimant * * * inconsistent with a finding of disabling pain and discomfort." The Appeals Council denied Fraction's request for review, making the ALJ's report the final decision of the Secretary. Fraction then brought this action in the district court.

■ We find that the Secretary committed at least two errors which require reversal and remand.[1] First, the Secretary failed to evaluate all the evidence concerning appellant's subjective complaints of non-exertional impairments. This court has repeatedly held that it is error to discount subjective complaints of pain, shortness of breath, weakness or nervousness solely because of lack of objective evidence. *E.g., Benson v. Heckler,* 780 F.2d 16, 18 (8th Cir.1985) (citing *Polaski v. Heckler,* 751 F.2d 943, 948–51 [8th Cir.1984]). Nor may the Secretary disregard subjective complaints solely on the basis of the ALJ's observation. *Holland v. Heckler,* 768 F.2d 277, 281 (8th Cir.1985) (citing *Polaski,* 751 F.2d at 948). Subjective complaints may be discounted only if "there are inconsistencies in the evidence as a whole." The Secretary must

> set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimants' subjective complaints of pain. It is not enough that such inconsistencies may be found in the evidence presented to the Secretary. The Secretary must demonstrate that she *evaluated all* the evidence.

---

1. Plaintiff also argues that Social Security Administration Regulation No. 4 is unconstitutional in that "step 2" of the Regulation permits the Secretary to find that claimants are not disabled and to deny benefits without considering whether they are capable of returning to their previous employment. *See Johnson v. Heckler,* 769 F.2d 1202 (7th Cir.1985) (step 2 contrary to statute); *Baeder v. Heckler,* 768 F.2d 547 (3d Cir.1985) (same). *Cf. Davis v. Heckler,* 759 F.2d 432 (5th Cir.1985) (step 2 may be used only to eliminate claimants with "slight abnormality"). Plaintiff failed to raise this issue below, and we accordingly decline to reach it.

*Herbert v. Heckler,* 783 F.2d 128 (8th Cir. 1986) (citations omitted) (emphasis in original).

■ There is some objective medical evidence which may be inconsistent with some of Fraction's subjective complaints, but it is clear that the Secretary failed to "demonstrate that [he] *evaluated all* the evidence." For example, the Secretary failed even to note that Fraction continued to experience numbness in his right hand and that he testified that he was unable to hold objects without dropping them. The Secretary noted that Fraction testified at the hearing, but failed to state anything about the contents of that testimony. The Secretary also failed to acknowledge that a consulting physician expressly found it likely that Fraction would have difficulty performing any significant work activity. The Secretary entirely ignored appellant's uncontradicted testimony that his numerous prescription medications left him "druggy and sleepy." Under these circumstances, we hold that the case should be remanded to permit the Secretary to consider all the evidence on the record.

■ The Secretary also erred in failing fully to develop the record. The ALJ has a "duty of developing the facts fully and fairly," even when the complainant is represented by counsel. *Thorne v. Califano,* 607 F.2d 218, 219 & n. 3 (8th Cir.1979). Both treating and consulting physicians recommended that additional tests would be useful in determining whether appellant was disabled. The Secretary's own consulting physician recommended that Fraction undergo a stress test to either prove or disprove the doctor's thesis that it would be difficult for Fraction to do significant work activity. It appears from the record that Fraction's last stress test took place in March 1982, before Fraction's most recent hospital stay, and more than four months prior to the onset of Fraction's asserted disability. On remand, the ALJ should not only consider the results of the recommended tests, but also further investigate the side effects of the drugs Fraction must take. The Secretary must develop the evidence until it "is sufficiently clear to make a fair determination as to whether the claimant is disabled or not." *Id.* at 220 (citing *Landess v. Weinberger,* 490 F.2d 1187, 1189 (8th Cir.1974)).

■ For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded to the district court with directions to remand to the Secretary for action consistent with this opinion.[2]

---

**2.** There appears to be substantial evidence that Fraction could not return to his previous work as a laborer. We remind the ALJ that if Fraction satisfies his burden of proving that he cannot return to his former employment, the Secretary must explicitly recognize that the burden shifts to him to establish that there is other work in the national economy that Fraction can perform. *See, e.g., Benson v. Heckler,* 780 F.2d 16, 18 (8th Cir.1985); *Lanning v. Heckler,* 777 F.2d 1316, 1317 (8th Cir.1985); *Fazio v. Heckler,* 760 F.2d 187 (8th Cir.1985).