Coy RAINEY, Appellant,

v.

Otis R. BOWEN, M.D., Secretary of
Health and Human Services,
Appellee.

No. 86–1253.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1987.

Decided April 1, 1987.

James W. Stanley, Jr., North Little Rock, Ark., for appellant.

Donald H. Ramano, Baltimore, Md., for appellee.

Before ROSS, BOWMAN and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Coy Rainey appeals the district court's judgment affirming the decision of the Secretary of Health and Human Services (Secretary) to deny him disability benefits and supplemental security income (SSI) under 42 U.S.C. § 423 (1982 & Supp. II 1984). For the reasons presented below, we reverse the judgment of the district court, and order that this case be remanded to the Secretary for further proceedings consistent with this opinion.

## I. BACKGROUND.

Rainey is a 43-year old male with a ninth grade education. He last worked as a laborer, which required heavy lifting, frequent bending and reaching, and standing or walking for up to eight hours per day.

In October 1981, Rainey began treatment at the University of Arkansas Medical Center for high blood pressure. His primary care physician, Ray Bollen, M.D., reported that chest x-rays showed Rainey was suffering from "cardiac changes consistent with hypertensive heart disease." (Tr. 131.) Rainey was prescribed various medications for his blood pressure and chest pain, which brought his blood pressure under "reasonable control" by June 22, 1982. (Tr. 139.)

In January 1984, Rainey returned to the clinic with complaints of headaches, dizziness and pain in his chest and abdominal regions. He was diagnosed as having a large inguinal hernia, which was in need of surgical repair, and hypertension. (Tr. 193.) Rainey's high blood pressure was again brought under control by medication. His chest pain was diagnosed as musculoskeletal in nature, rather than angina. (Tr. 203.)

In a subsequent visit to the clinic, in March 1984, Rainey complained that his chest pain was not alleviated by medication, and that he was suffering from dizziness, shortness of breath and blurred vision. (Tr. 218.) He was found to have esophagitis, gastritis and duodenitis (Tr. 209), and was later diagnosed with adult onset diabetes. (Tr. 206.) In July 1984, Rainey again complained to a treating physician of chest pains and pressure in his head. (Tr. 207.) A subsequent clinic visit in August 1984 revealed blood pressure of 160/106. At this time, Rainey complained of persistent chest pain and headaches. (Tr. 205.)

Rainey filed an application for disability benefits in the midst of his continuing course of treatment, on February 3, 1984. He claimed August 21, 1982, as the date of onset of disability, due to high blood pressure, an enlarged heart, blackouts and vision problems. His application was denied administratively, and a hearing before an Administrative Law Judge (ALJ) followed, on July 23, 1984.

At the hearing, Rainey testified that his hernia, for which he still had not yet had surgery, caused pain if he bent over to pick something up, and precluded him from picking anything up. (Tr. 39.) Rainey testified further as to the various medications he was taking, for his stomach, fluid retention and blood pressure problems, and stated that in addition to taking Nitroglycerin tablets, he had to wear a chest patch continuously. (Tr. 40–45.) Rainey stated that the pain in his heart was the primary reason he could not return to work, and that he experienced very sharp pain radiating from his chest to his shoulder whenever he exerted himself. (Tr. 47–48.) He also complained of stomach cramps, and of blurry vision, a result of his diabetes, which his physicians were attempting to control through weight loss, rather than insulin because he was already taking so many other medications. (Tr. 50–51.) Rainey testified further that he spent most of his day resting, though sometimes he would help out with household chores, such as washing dishes. (Tr. 52.) Testimony by two of Rainey's friends corroborated his

complaints of chest and stomach pain, and that Rainey could not drive because of his poor vision.

The ALJ found that the medical evidence established that Rainey had severe hypertension, gastritis and diabetes and that Rainey was unable to perform his past work as a laborer. He found further that:

> Although some level of pain and discomfort is inherent to the claimant's conditions, the objective medical findings do not document any condition which would give rise to disabling pain and after consideration of the entire record including the claimant's work history, observation of his demeanor and consideration of the testimony the undersigned concludes that the claimant's pain and discomfort would not prevent light work activity.

(Tr. 11.) Accordingly, the ALJ concluded that Rainey was not entitled to disability benefits or supplemental security income, and denied his claim.

The Appeals Council denied Rainey's request for review on January 9, 1985, making the ALJ's decision the final decision of the Secretary, from which Rainey appealed to the district court. *See* 42 U.S.C. § 405(g) (1982). The district court denied Rainey's motion for summary judgment, affirmed the final decision of the Secretary, and dismissed Rainey's complaint with prejudice, in a memorandum and order dated February 6, 1986. This appeal followed, in which Rainey asserts, among other things, that the ALJ erred in evaluating Rainey's allegations of disabling pain and in failing to shift the burden of proof to the Secretary to show that Rainey had a residual functional capacity for gainful work, upon Rainey's showing that he could not perform his past work.

## II. DISCUSSION.

### A. Evaluation of Rainey's Allegations of Disabling Pain.

Rainey claims that his pain is so severe that he is unable to perform any work. He argues that the ALJ improperly rejected his subjective complaints as lacking in the necessary level of credibility.

When evaluating an applicant's claim of pain, the following factors are to be considered: (1) the applicant's daily activities; (2) the duration, frequency and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *Herbert v. Heckler,* 783 F.2d 128, 130 (8th Cir.1986) (quoting settlement agreement between Secretary and Polaski class (July 11, 1984, reprinted in *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984) (clarifying S.S.R. 82–58 (Cum.Ed.1982)). Additionally, the absence of objective medical evidence to support an allegation of disabling pain is but one factor used to evaluate the applicant's credibility. *Herbert,* 783 F.2d at 130. Indeed, a subjective complaint of pain may not be disregarded on the sole basis that there is no supporting objective evidence. *Tome v. Schweiker,* 724 F.2d 711, 713 (8th Cir.1984).

When deciding whether subjective complaints of pain are credible, these guidelines require the ALJ to discuss the five factors, as well as any inconsistent objective medical evidence. The ALJ, in short, must show that all the evidence was evaluated. *Herbert,* 783 F.2d at 130. Furthermore, while the ALJ may disbelieve subjective testimony of pain if inconsistencies exist in the evidence as a whole, *e.g., Herbert,* 783 F.2d at 131; *Smith v. Heckler,* 760 F.2d 184, 187 (8th Cir.1985), the ALJ may not disbelieve the claim by ignoring medical evidence. 42 U.S.C. § 423(d)(5)(A) (Supp. II 1984); *Chitwood v. Bowen,* 788 F.2d 1376, 1377 (8th Cir.1986) (per curiam); *Tome,* 724 F.2d at 713 (rejection of subjective pain must be supported by legitimate reasons; not to be guise under which to circumvent rule that objective evidence of pain not required). Finally, the ALJ is to consider the combined effect of the applicant's impairments in assessing disability. 42 U.S.C. § 423(d)(2)(C) (Supp. II 1984); *Vaughn v. Heckler,* 741 F.2d 177, 179 (8th Cir.1984).

In the present case, the ALJ rejected Rainey's claim of disabling pain without considering the applicable five factors.

*See Polaski,* 739 F.2d at 1322. This error requires that we remand the case. *See Herbert,* 783 F.2d at 131.

On appeal to this court, Rainey has raised new evidence of psychological impairment. On remand, we advise the ALJ to also consider the dictate of S.S.R. 82–58 that "when alleged symptom-related limitations are clearly out of proportion to physical findings ... the *possibility* of a severe mental impairment should be investigated." S.S.R. 82–58 (Cum. Ed. 1982) (emphasis supplied); *see Herbert,* 783 F.2d at 131 (giving same advice to Secretary on remand); *Chitwood,* 788 F.2d at 1378 (on remand, ALJ to consider whether claimant's perception of pain exacerbated by psychological impairment).

## B. Shift of Burden of Proof.

Rainey asserts that the ALJ failed to recognize that upon determining that Rainey could not perform his past work as a laborer, the burden shifted to the Secretary to prove that Rainey was capable of other gainful work. Rainey argues that this was reversible error, because the ALJ's finding that he was capable of "light work" was not supported by the record.

If an applicant for disability benefits, because of a severe impairment, cannot return to his past relevant job, the burden of proof shifts to the Secretary to show what other gainful work the applicant can perform. *E.g., Day v. Heckler,* 781 F.2d 663, 664 (8th Cir.1986); *Benson v. Heckler,* 780 F.2d 16, 18 (8th Cir.1985) (citing *Lanning v. Heckler,* 777 F.2d 1316, 1317 (8th Cir.1985)). The court will not assume that the Secretary implicitly recognized the shift when the ALJ did not expressly recognize the shift. *Allred v. Heckler,* 729 F.2d 529, 531 (8th Cir.1984); *cf. Lanning,* 777 F.2d at 1317 (assume burden of proof improperly allocated if ALJ failed to recognize expressly the shift in the burden). Furthermore, if the court of appeals cannot say for certain what the outcome would be irrespective of who shouldered the burden, remand is necessary. *Chitwood,* 788 F.2d at 1378 (citing *Lanning,* 777 F.2d at 1317).

In the present case, the evidence does not necessarily point to the conclusion that Rainey is able to perform light work and therefore is not entitled to disability benefits. *Cf. Wolfe v. Heckler,* 741 F.2d 1084, 1086 (8th Cir.1984) (applicant testified he could "do pretty well with light work"). Thus the ALJ's failure to expressly shift the burden to the Secretary to show Rainey's residual capacity for light work is reversible error.

On remand, if Rainey is found to have only an exertional impairment or impairments, the Secretary may satisfy its burden of proof by referring to the medical-vocational guidelines found in 20 C.F.R. §§ 416.901–.998 (1986) (guidelines for SSI claims). *Parsons v. Heckler,* 739 F.2d 1334, 1339 (8th Cir.1984) (citing 20 C.F.R. pt. 404, subpt. P, app. 2 (guidelines for insured workers' claims); *McCoy v. Schweiker,* 683 F.2d 1138, 1141 n. 3 (8th Cir.1982) (en banc)). If, however, Rainey is found on remand to have nonexertional as well as exertional impairments, the guidelines are to be used, first, to determine if Rainey is entitled to a finding of disability on the basis of his exertional impairments alone. If not, the ALJ must then consider how much the nonexertional impairments diminish Rainey's capacity to work. *McCoy,* 683 F.2d at 1148. Moreover, to satisfy its burden of proving that Rainey is able to perform gainful work, the Secretary must produce expert vocational testimony or other evidence that there are jobs available in the national economy for a person with Rainey's characteristics. *See e.g., Tucker v. Heckler,* 776 F.2d 793, 795 (8th Cir.1985).

## III. CONCLUSION.

The judgment of the district court is reversed and this case is remanded, with directions to remand to the Secretary for further proceedings consistent with the proper evaluation of pain and residual work capacity, as discussed above.