**William PIERCY, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health & Human Services, Appellee.**

No. 87–1770.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 2, 1987.

Decided Dec. 10, 1987.

Robert A. Crowe, St. Louis, Mo., for appellant.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

Appellant William Piercy brought this action for disability insurance benefits under the Social Security Act, 42 U.S.C. § 416(i) and § 423. His claim was denied by an Administrative Law Judge, and the District Court upheld that decision. We reverse.

Piercy is a 57–year–old former trust administrator with a history of health problems. In 1949 his phrenic nerve, which

controls movement of the diaphragm, was crushed to treat his tuberculosis. As a result, his lungs never developed to adult capacity. In 1981 Piercy suffered a heart attack. This condition is stable with medication. In April of 1983 Piercy developed blood clots in his lungs, and in October of 1984 he developed a blood clot in his leg. He takes blood thinners for these conditions.

In finding that Piercy could return to work as a trust administrator or in some other sedentary job, the ALJ relied on the testimony of Piercy, a letter from one of Piercy's treating physicians, Dr. Wald, and the report of a consulting physician, Dr. Siddiqui. Piercy testified that he left his job because of increasing pain and fatigue. Transcript at 23. He said he could sit for only 45 minutes to an hour before his leg began to hurt. *Id.* at 26. Piercy testified that he experienced leg pain daily. *Id.* at 27. He said he could walk only three to four blocks before feeling tired and, at times, "gasping for breath," and that he could not climb stairs. *Id.* at 26, 27. Since leaving work, Piercy helped with the housework and mowed the lawn. His primary complaint was difficulty breathing. *Id.* at 30. The treating physician, in a letter dated May 21, 1985, called Piercy "disabled due to these multiple medical problems." *Id.* at 111. The consulting physician, also in May of 1985, reported that Piercy was short of breath on exertion, but walked three miles a day, moving slowly and stopping when necessary. *Id.* at 113. Dr. Siddiqui recounted that Piercy had chest pain once or twice a month, in connection with exertion. *Id.* Noting that appellant's pain was under control, that he had not been hospitalized in over a year, and that his breathing problem occurred only upon exertion, the ALJ rejected Piercy's claim.

In May of 1986, after the ALJ's ruling but before the Appeals Council review, a letter from another of Piercy's treating physicians, Dr. Eaton, was obtained. Dr. Eaton reported that Piercy had pain in his legs and was short of breath. Dr. Eaton added that "prolonged sitting was inimical" for Piercy, and that Piercy was "unable … to function in a high stress environment."

*Id.* at 3c. Dr. Eaton concluded that Piercy had a "constellation of symptoms which warrant a determination of disability." *Id.* Holding that the letter presented no new evidence, the Appeals Council affirmed the ALJ.

■ In reviewing the Secretary's decision, we must see if that decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Basinger v. Heckler*, 725 F.2d 1166 (8th Cir.1984). However, this review is more than a rubber stamp of the Secretary's decision and is more than a search for the existence of substantial evidence supporting the Secretary's decision. *McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir.1983). As Justice Frankfurter made clear, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). In this case, too much weight was given to the report of the consulting physician.

This Court has stated that "[i]n our opinion the report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Hancock v. Secretary*, 603 F.2d 739, 740 (8th Cir.1979) (citations omitted). See also *Lanning v. Heckler*, 777 F.2d 1316, 1318 (8th Cir.1985). Dr. Siddiqui saw Piercy only once, and his report focused on claimant's history of heart trouble. Dr. Eaton, on the other hand, had seen Piercy once every three months since 1983. His report, a year later than the consulting physician's, dealt with Piercy's difficulty breathing, his leg pains, and his inability to handle stress. These last three concerns, not heart problems, were cited by Piercy as the reasons why he left his job. Dr. Wald's opinion also supports Piercy's claim, so here a consulting physician's view is contradicted by those of two treating physicians.

■ Because the Secretary failed to give adequate weight to the report of the treat-

ing physician, we reverse. The conclusion that the claimant could return to his past relevant work is not supported by substantial evidence. We remand to the District Court with directions to remand to the Secretary for the computation and award of benefits. Normally, when a claimant has shown that he cannot return to his past relevant work, the Secretary is given a chance to prove that there are other jobs he could do. Here, however, Piercy's past relevant work was "sedentary," the classification of employment that requires the least amount of physical exertion under the Secretary's regulations, so there is no reason for such further proceedings.

Reversed and remanded with instructions.