**Steven Howard BENENATE, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.**

No. 82–2488.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1983.

Decided Oct. 21, 1983.

Robert G. Ulrich, U.S. Atty., Frederick O. Griffin, Jr., Asst. U.S. Atty., Kansas City, Mo., and Bruce R. Granger, Dept. of Health & Human Service, Kansas City, Mo., for appellee.

Larry O. Denny, Kansas City, Mo., for appellant.

Before ARNOLD and FAGG, Circuit Judges, and DUMBAULD,* Senior District Judge.

ARNOLD, Circuit Judge.

Steven Benenate argues that the District

* The Hon. Edward Dumbauld, Senior United States District Judge for the Western District

of Pennsylvania, sitting by designation.

Court[1] erred in upholding the Secretary of Health and Human Services' denial of his claim for disability benefits. Benenate claims disability for a period beginning July 13, 1980, because of a compression fracture of a vertebra and other injuries he sustained in an automobile accident on that day. At the time of the injury Benenate was 20 years old and had previously worked as a railway lineman, file clerk, and courier.

On appeal Benenate contends that substantial evidence does not support the Secretary's denial of disability because the Secretary relied on the improper testimony of a vocational expert. He claims the testimony was improper because it was given in response to a hypothetical question that did not include all of his disabilities. Specifically, the question did not state that Benenate had mild depression and became fatigued after a few hours of sitting.

The record, however, does not show that depression or fatigue were significant disabilities. Benenate did not even mention depression in his testimony, even though he was represented by counsel at the hearing. Rather, he evidenced a positive attitude toward coping with his disability by going to school six hours a day and taking physical therapy daily, and indeed should be commended for his courage and determination in dealing with his injury. Further, the medical records do not show that any depression that claimant suffered was medically significant. A discharge summary dated July 7, 1980, states "He did well except for mild periods of depression which improved as physical therapy was initiated." A rehabilitation report dated August 5, 1980, stated that Benenate was denying any permanent injury but did not mention depression. A physician's report on June 1, 1981, states "some depression—denial of prob [sic] (possible) permanent defects," but it does not indicate that the physician believed that depression was a material factor so far as Benenate's ability to work was concerned. Indeed, the same physician, by

letter of June 29, 1981, expressed the view that claimant "could be retrained for some other type of employment." This letter does not mention depression. We conclude that the omission of any mention of depression was not so serious as to make the hypothetical question fatally defective.

As to the fatigue, the only reference to fatigue that Benenate claims was improperly omitted from the hypothetical question was that he lies down for 45 minutes every afternoon after he gets home from school. It was not necessary for the Administrative Law Judge (ALJ) to include this reference in his hypothetical question, since it does not indicate significant fatigue. The ALJ did include in the question the information that Benenate could not sit for more than 50 minutes or stand for more than 30 minutes and could do very little lifting on a sustained basis.

Affirmed.

---

ern Districts of Missouri.