Brenda BENSON, Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.

No. 85–1363.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1985.

Decided Dec. 18, 1985.

James W. Stanley, North Little Rock, Ark., for appellant.

George G. Davidson, Baltimore, Md., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge and JOHN R. GIBSON, Circuit Judge.

McMILLIAN, Circuit Judge.

Brenda Benson appeals from a judgment of the district court affirming a final decision of the Secretary of Health and Human Services (Secretary) denying her claim for social security disability benefits. For the reasons discussed below, we reverse and remand the case.

Appellant was born in 1955, has a tenth grade education, and experience as a maid, sales clerk, and factory assembly line worker. In 1982 appellant applied for disability benefits. After her claim was denied initially and on reconsideration, in May 1983 appellant testified before an administrative law judge (ALJ). Appellant alleged that she was disabled because of back and neck pain, a colon disorder, and depression. Appellant stated that as part of a state rehabilitation program she had enrolled in cosmetology school but that the pain and de-pression frequently prevented her from at-tending classes.

The medical evidence reveals that appellant complained of back pain following an April 1980 work-related injury and neck pain following a November 1980 automobile accident. In February 1981 Dr. Joe Lester, one of appellant's treating orthopedic surgeons, reported that appellant could return to work from an "orthopedic standpoint."

The medical evidence further reveals that following the accidents appellant experienced insomnia, irritability, loss of appetite, feelings of hopelessness, and loss of self-esteem. In June 1982 appellant sought psychiatric treatment. Appellant has been diagnosed as having an adjustment disorder with depression and anxiety, a dependent personality with avoidant traits, a dysthymic disorder, a somatization disorder, and a functional spastic colon.

In denying benefits, the ALJ found that appellant did not suffer from a severe mental or physical impairment which would limit her ability to perform basic work-related activities. *See* 20 C.F.R. § 404.1520(c). In discounting appellant's allegations of disabling pain, the ALJ noted that although appellant had "numerous subjective complaints, the objective medical evidence does not substantiate any physical impairment that would give rise to pain as severe as [she] alleges." In discounting the severity of her mental impairments, the ALJ found appellant's "depression alone is not considered to be disabling as she is not psychotic ... and her periods of depression can be controlled by ... antidepressant medications."

The ALJ committed several errors that mandate a reversal. First, the ALJ improperly discounted appellant's allegations of pain because of lack of objective evidence of a physical impairment. It is well established that it is error for an ALJ to discount allegations of pain solely because of lack of objective evidence. *Polaski v. Heckler*, 751 F.2d 943, 948–51 (8th Cir.1984) (setting forth factors an ALJ

must consider in assessing pain). In this case the ALJ further erred by ignoring uncontradicted medical evidence that appellant's pain is psychological in origin. This circuit has consistently held that an ALJ may not ignore evidence of a psychological origin of pain. *E.g., Reinhart v. Secretary of Health and Human Services,* 733 F.2d 571, 573 (8th Cir.1984). Pursuant to the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, the Secretary has revised the Listing of Impairments to recognize that pain may have a psychological origin. Section 12.07 provides a finding of disability for "Somatoform Disorders: Physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." 45 Fed.Reg. 35,069 (1985) (to be codified at 20 C.F.R., Part 404, Subpart P, App. 1, § 12.07). On remand the ALJ should evaluate appellant's somatization and functional disorders under the revised listing. If the disorders are not found to meet the criteria of the listing, the ALJ must then analyze appellant's allegations of pain under *Polaski.*

■ The ALJ also erred in discounting the severity of appellant's depression. The ALJ found that the depression was not disabling because it was not a psychosis. However, this circuit has held that "[f]unctional nonpsychotic disorders are disabling." *E.g., Miller v. Heckler,* 747 F.2d 475, 478 (8th Cir.1984). The Listing of Impairments specifically includes nonpsychotic mental disorders, such as affective disorders, *id.* § 12.04, anxiety related disorders, *id.* § 12.06, somatoform disorders, *id.* § 12.07, and personality disorders, *id.* § 12.08. On remand the ALJ must evaluate appellant's various mental impairments under the applicable listings. If any single disorder is not found disabling, the ALJ "must consider the combined impact of the impairments." *Vaughn v. Heckler,* 741 F.2d 177, 179 (8th Cir.1984). *See also* 42 U.S.C. § 423(d)(2)(C).

■ In addition, there is no record support for the ALJ's finding that appellant's depression was controlled by medication. Although appellant testified that at one time antidepressant medication provided some relief, at the hearing appellant stated she could no longer afford the medication. *See Tome v. Schweiker,* 724 F.2d 711, 714 (8th Cir.1984) (an ALJ must consider lack of finances in determining whether an impairment is remediable).

■ On the basis of the record evidence before the court, it appears that appellant has satisfied her burden of demonstrating that she suffers from nonexertional impairments of pain and mental disorders that prevent her from returning to her past work. We, however, believe that the record needs to be further developed as to the requirements of appellant's past work and as to the functional restrictions, both exertional and nonexertional, resulting from her impairments. On remand we remind the ALJ that "[t]his court has consistently held that if the claimant is not able to return to his former job, the burden of proof shifts to the Secretary to establish that there is other work in the national economy that he can perform." *Lanning v. Heckler,* 777 F.2d 1316, 1317 (8th Cir. 1985). The Secretary must "expressly recognize this shift in the administrative decision." *Id.* We further remind the ALJ that if there are nonexertional impairments that significantly limit a claimant's exertional capabilities, on remand the ALJ may not rely on the Medical-Vocational Guidelines to satisfy the Secretary's burden but instead must produce a vocational expert. *See Tucker v. Heckler,* 776 F.2d 793, 796 (8th Cir.1985).

Accordingly, the judgment of the district court is reversed and the case is remanded to the district court with instructions to remand the case to the Secretary for further proceedings consistent with this opinion.