**Louis MAZZOLA, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 86–1103.**

United States Court of Appeals, First Circuit.

Submitted June 6, 1986.

Decided July 3, 1986.

---

became effective August 28, 1985. There was no error and we affirm.

## I.

Initially, we note the unusual character of this appeal. The district court affirmed a decision of the Secretary of Health and Human Services (the Secretary) which had denied the claimant's application for both disability insurance benefits, 42 U.S.C. § 423 *et seq.*, and supplemental security income benefits, 42 U.S.C. § 1381 *et seq.* The claimant timely filed a motion for reconsideration, which requested that the court remand the case to the Secretary for consideration of his claim in light of the revised criteria which had been effective subsequent to the submission of the case to the district court but prior to that court's decision. The motion for reconsideration was denied and the claimant timely appealed from that denial. The claimant raises no issue regarding the substantiality of the evidence to support the Secretary's determination of non-disability insofar as that determination relates to the regulations prior to the revisions mandated by the Act. The sole issue he raises concerns the applicability of the revised mental impairment criteria. The claimant's appeal, therefore, as evidenced by his notice of appeal, relates only to the denial of his motion for reconsideration.

Although not so labeled, we will assume that the claimant's motion for reconsideration was, in effect, a motion to alter or amend a judgment under F.R.Civ.P. 59(e) and further assume that the denial of such a motion is separately appealable from the judgment to which it relates. *Compare Cardoza v. Commodity Futures Trading Com'n,* 768 F.2d 1542, 1546–47 (7th Cir. 1985) (denial of a rule 59(e) motion normally is not separately appealable although it is reviewable in conjunction with the judgment to which it relates) *with Youmans, et al. v. Simon, et al.,* 791 F.2d 341, 349 (5th Cir.1986) (case involved appeal from both a judgment and a denial of a rule 59(e) motion; however, the court appears to indicate that a denial of a rule 59(e) motion is

Alexis Anderson, on brief, for plaintiff, appellant.

Robert J. Triba, Asst. Regional Counsel, Dept. of Health and Human Services, Washington, D.C., William F. Weld, U.S. Atty., and Joan I. Milstein, Asst. U.S. Atty., Boston, Mass., on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

PER CURIAM.

The claimant, Louis Mazzola, has appealed, alleging that the district court erred in refusing to apply to his case the medical evaluation criteria for mental disorders, (20 C.F.R. Part 404, Subpart P, Appendix 1), which were revised, pursuant to Pub.L. 98–460, the Social Security Disability Benefits Reform Act of 1984 (the Act), and which

appealable apart from the judgment itself).[1] We review a denial of a motion for reconsideration under an abuse of discretion standard. *Willens v. University of Massachusetts*, 570 F.2d 403, 406 (1st Cir. 1978); 6A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶ 59.15[4] n. 9 (2d ed. 1985)

## II.

The claimant argues that the district court erred in failing to apply the revised criteria to his case[2] or, at the least, to remand to the Secretary for reconsideration under the revised criteria. The claimant relies on the principle that a court applies regulations that are in effect at the time of judicial decision unless to do so would result in manifest injustice or there is statutory direction or legislative history to the contrary. *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). The claimant's reliance on this principle is unavailing to his claim here, however, since we infer from the express language of the statute a legislative intention that the revised mental impairment criteria should not be applied to cases involving initial determinations of eligibility, such as the claimant's, which had progressed past the administrative hearing stage as of the date of the Act's enactment (October 9, 1984).

Section 5(a) of the Act required the Secretary to revise the criteria embodied under the category "Mental Disorders" in the "Listing of Impairments", 20 C.F.R. Part 404, Subpart P, Appendix 1. Cases involving initial determinations of eligibility denied in the interim between the Act's enactment (October 9, 1984) and the establishment of the revised criteria (August 28, 1985) were to be redetermined by the Secretary after the establishment of the revised criteria, using such revisions. Pub.L. No. 98–460, § 5(c)(1), 98 Stat. 1794, 1801–1802 (1984). Denials which had occurred at the initial determination, reconsideration, or Administrative Law Judge (ALJ) hearing levels during this interim period were subject to the mandatory redetermination by the Secretary. The pertinent language of § 5(c)(1) is as follows:

"[a]ny initial determination that an individual is not under a disability by reason of a mental impairment and any determination that an individual is not under a disability by reason of a mental impairment in a reconsideration of or hearing on an initial disability determination, made or held under title II or XVI of the Social Security Act after the date of the enactment of this Act [October 9, 1984] and prior to the date on which revised criteria are established by regulation in accordance with subsection (a) [August 28, 1985] … shall be redetermined by the Secretary as soon as feasible after the date on which such criteria are so established, applying such revised criteria."

The initial determination, reconsideration of, and hearing on the initial disability determination of the claimant's application were all made or held prior to October 9, 1984, the date of the Act's enactment. Thus § 5(c)(1), mandating redetermination by the Secretary using the revised criteria, is inapplicable to the claimant's case.

---

1. In the usual case, when appealing from the denial of a rule 59(e) motion, a litigant also appeals, or a reviewing court construes the intent of the litigant as also appealing, from the underlying judgment itself. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Woodham v. American Cystoscope Company of Pelham, N.Y.*, 335 F.2d 551, 555–56 (5th Cir.1964). But to construe the present claimant as intending to incorporate an appeal from the underlying judgment would be somewhat strained in light of the language in the notice of appeal and the claimant's express disavowal of having raised any issue concerning the substantiality of the evidence underlying the affirmation of the Secretary's denial of benefits. See the claimant's reply brief at 1.

2. The district court does not make *de novo* determinations. *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127, 128 (1st Cir. 1981); 42 U.S.C. § 405(g). Were a district court judge to conclude that the Secretary's decision was based on inapplicable regulations, a remand to the Secretary would, in the usual case, be the proper course, rather than application of the correct regulations by the district court itself.

Nonetheless, the claimant's argument is that the revised regulations should be applied to his claim because § 5(c)(1) does not expressly bar their application to cases, such as his, which had progressed to the district court but which had not yet received a decision by that court. In essence, the claimant argues that the language of § 5(c)(1) requiring that a certain category of cases must be redetermined by the Secretary using the revised criteria does not preclude the conclusion that cases in other categories, such as the claimant's, must *also* be redetermined using the revised criteria.

While the language of § 5(c)(1) is not phrased in terms of an express bar, we conclude that the mandate of redetermination by the Secretary which is expressly directed at pending applications which had been denied initially, upon reconsideration, or after hearing by an ALJ after the Act's enactment is sufficient statutory direction that the revised criteria were not intended to be applied to pending applications which had passed these stages prior to the Act's enactment. To conclude otherwise, *i.e.,* that the revised criteria were intended to be applied to, for example, ALJ decisions of denial determined prior to the Act's enactment, would appear to render the narrower language of § 5(c)(1) largely meaningless. The claimant's argument would have us look at the district court's decision date as the determinative factor and ignore the timing of the preceding determinations of non-disability. The language of § 5(c)(1) indicates that the timing of the preceding determinations of non-disability is significant to the issue of the applicability of the revised criteria and we are not persuaded otherwise.

Moreover, with respect to continuing eligibility reviews, *i.e.,* reviews of those individuals already receiving benefits, § 5(c)(1) mandates redetermination by the Secretary, using the revised criteria, of those determinations of non-disability made in "a reconsideration of, hearing on, review by the Appeals Council of, or *judicial review of*" a continuing eligibility decision in which the initial decision on such a review was rendered (a) subsequent to October 9, 1984 or (b) prior to October 9, 1984, but a timely appeal was filed or was pending on or after June 7, 1983. Pub.L. No. 98–460, § 5(b)(1), (c)(1), 98 Stat. 1794, 1801–1802 (1984) (emphasis added.) The fact that Congress distinguished between initial determinations of disability/non-disability and continuing eligibility reviews and referenced the stage of judicial review only with respect to continuing eligibility reviews indicates to this Court an awareness of the progression of review and an intent to confine the application of the revised criteria only to those cases of initial determination of non-disability to which § 5(c)(1) expressly applies. Two other circuits have concluded that the revised criteria are inapplicable to a claim of mental impairment in which the initial determination, reconsideration of, and hearing on the initial disability determination were made or held prior to the Act's enactment. *Cook v. Heckler,* 783 F.2d 1168, 1171–72 (4th Cir.1986); *Conley v. Bowen,* 781 F.2d 143, 147 (8th Cir. 1986).[3]

In conclusion, there was no error in failing to apply the mental impairment criteria, which were revised pursuant to the § 5 of the Act, or in refusing to remand this case to the Secretary for redetermination based

---

**3.** We are not persuaded by the claimant's reliance on *Benson v. Heckler,* 780 F.2d 16 (8th Cir.1985). In *Benson,* the case was remanded because of several errors by the ALJ in evaluating evidence and the court stated that, upon remand, the ALJ should evaluate the claimant's disorder under the revised regulations (apparently despite the fact that the initial denial did not occur within statutorily relevant period). *Id.* at 18. The *Benson* case arguably supports an argument that the revised criteria should be applied once a remand for reconsideration has been determined to be necessary, (an issue we need not decide here), but does not support the plaintiff's argument, in this case, that the existence of revised criteria at the time of judicial decision, itself, necessitates the remand. More to the point, subsequent to the *Benson* case, the Eighth Circuit, itself, rejected the argument that a district court erred in failing to consider the revised criteria in a case before it, in which the initial determination and reconsideration had occurred prior to the Act's enactment. *Conley v. Bowen,* 781 F.2d 143 (8th Cir.1986).

on that revised criteria. It follows, therefore, that there was no abuse of discretion in denying the claimant's motion for reconsideration.

*Affirmed.*