Betty J. JOHNSON, Plaintiff,

v.

Otis R. BOWEN, Secretary of Department of Health and Human Services, Defendant.

No. 85–0309–CV–W–5.

United States District Court, W.D. Missouri, W.D.

Dec. 16, 1987.

H.K. Desselle, Independence, Mo., for plaintiff.

E. Eugene Harrison, Judith M. Strong, Asst. U.S. Attys., Kansas City, Mo., for defendant; Paul P. Cacioppo, Dept. of HHS, Regional Atty., Region VII, of counsel.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Plaintiff Betty J. Johnson seeks review of a final decision disallowing her claim for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401 *et seq.*, and finding that she has been disabled only since February 1, 1986, for supplemental security income payments under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* § 405(g) provides for judicial review of a "final decision" of the

Secretary of the Department of Health and Human Services under Titles II and XVI.

## I. Procedural History

Plaintiff filed her applications for disability insurance benefits and Supplemental Security Income (SSI) on August 3, 1983, alleging an inability to work since October 30, 1981, due to a combination of medical impairments.[1] Her claims were denied initially and upon reconsideration. Following a hearing on November 9, 1984, Administrative Law Judge (ALJ) Charles Bono denied plaintiff's claim, and the Appeals Council denied plaintiff's request for review in January, 1985.

On March 27, 1985, plaintiff then filed her complaint for judicial review of the Secretary's decision. On September 26, 1985, this Court remanded the case to the Secretary to reconsider plaintiff's complaints of nonexertional impairments under the standard set forth in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984).

A second hearing was held before ALJ Keith J. Stanley on December 11, 1985. On August 18, 1986, ALJ Stanley issued his recommended decision that Mrs. Johnson be found "not disabled" on the basis that she was capable of performing her past relevant work as a dispatcher and accounts payable clerk.

The Appeals Council adopted the ALJ's summary and evaluation of the medical record and plaintiff's testimony. However, the Appeals Council did *not* adopt the findings and conclusions of the ALJ's recommended decision. Instead, the Appeals Council held that although plaintiff was not entitled to a period of disability or disability insurance benefits, she was disabled commencing February 1, 1986 for supplemental security income payments. For the reasons set forth below, the decision of the Appeals Council will be affirmed and the defendant's motion for summary judgment will be sustained.

## II. Standard of Review

The scope of judicial review of the Secretary's decision is statutorily defined. 42 U.S.C. § 405(g), provides that the Secretary's decision is conclusive if it is supported by substantial evidence. *Alexander v. Weinberger*, 536 F.2d 779 (8th Cir.1976). This standard of substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir.1983). This standard of review, however, is "more than a mere rubberstamp of the Secretary's decision." *Id.* at 220.

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). Further, he most prove that the disability existed prior to the expiration of his insured status. In order to meet the statutory definition, the claimant must show (1) that he has a medically determinable physical or mental impairment that will either last for at least 12 months or result in death; (2) that he is unable to engage in any substantial gainful activity; and (3) that this inability is a result of his impairment. *McMillian*, 697 F.2d at 220.

If the claimant establishes that his impairment is so severe that he cannot return to his former occupation, the burden shifts to the Secretary to prove that the claimant can perform some other kind of substantial gainful activity. *O'Leary v. Schweiker*, 710 F.2d 1334, 1337 (8th Cir.1983); *McDonald v. Schweiker*, 698 F.2d 361, 364 (8th Cir.1983). To meet this burden, the Secretary need not find a specific job opening for the claimant, but must prove that substantial gainful activity is realistically within the mental and physical capabilities of the claimant. *McMillian v. Schweiker*, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support a

---

1. In order to be entitled to a period of disability and disability insurance benefits, Mrs. Johnson must establish that she was under a disability which commenced on or before December 31, 1982. *See* 20 C.F.R. § 404.130. To be eligible for SSI benefits under Title XVI, she must show that she was disabled while her application was pending. 20 C.F.R. § 416.330. Plaintiff's second application for SSI benefits was filed February 22, 1985.

finding that the plaintiff is realistically capable of engaging in substantial gainful employment, the Court is to consider the following factors: the educational background, work history, and present age of the plaintiff; subjective complaints of pain and the plaintiff's description of physical activities and impairments; the medical opinion given by treating and examining physicians; the corroboration by third parties of claimant's physical impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the plaintiff's physical impairments. *McMillian,* 697 F.2d at 221.

### III. Opinion

As noted in this Court's Order dated September 26, 1985, ALJ Bono determined that Mrs. Johnson retained the Residual Functional capacity to perform work-related activities except for work around dust, fumes, or extreme temperature changes. The ALJ found that plaintiff's alleged complaints of, among other things, chest pain, shortness of breath, difficulty breathing, muscle spasms, urinary frequency, dizziness, nervousness, and memory problems to be not credible. The Court remanded in order for these subjective complaints to be seriously evaluated, as provided for in *Polaski,* 751 F.2d 943.

Although the Secretary may reject testimony on the basis of credibility, "such rejection must be supported by legitimate reasons for disbelief and cannot be a guise for circumventing the rule that objective evidence is not needed to support subjective complaints of pain." *Tome v. Schweiker,* 724 F.2d 711, 713 (8th Cir.1984); *Benson v. Heckler,* 780 F.2d 16, 117 (8th Cir.1985). The law in this circuit directs the adjudicator to consider, in addition to objective medical evidence, all the evidence relating to subjective complaints, including prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) claimant's daily activities;

(2) deviation, frequency and intensity of pain;

(3) precipitating and aggravating factors;

(4) dosage, effectiveness and side effects of medication;

(5) functional restrictions.

ALJ Stanley noted that plaintiff's work history was sporadic. Although Mrs. Johnson testified that she quit working as a clerk and dispatcher in October of 1981 due to physical impairments, records from the Missouri Division of Employment Security reveal that she collected unemployment compensation since that time from December, 1981, through 1982 and until May, 1983. At the hearing, plaintiff stated that she did not remember whether she had received unemployment benefits.

Although the observations of physicians relating to subjective complaints is instructive, this Court also recognized in its opinion of September 26, 1985 that the Secretary is not bound by a physician's determination of disability or nondisability. *Janka v. Secretary of HEW,* 589 F.2d 365, 369 (8th Cir.1978). Where there are conflicts between medical opinions, the ALJ must weigh the medical evidence and resolve the conflicts in the evidence. Resolution of these conflicts is a job for the secretary, not the courts. *Id.* at 369.

Thus, even though the treating physician, Steve Gialde, D.O., stated that plaintiff was disabled, this is not dispositive. Moreover, the statements of Dr. Gialde in his report of July 24, 1984, do not indicate that Mrs. Johnson's heart condition had an onset as early as December 31, 1982, when her insured status expired. In fact, medical progress notes by Dr. Gialde in 1982 document only fractured ribs and a duodenal ulcer with occasional nausea.

The report by Edward J. Heilman, M.D., dated December 9, 1985, which states his belief that Mrs. Johnson is disabled due to arteriosclerotic heart disease also does not refer to any period of time prior to 1983. In fact, Dr. Heilman states the following history related to him by the plaintiff:

"I have followed Mrs. Betty J. Johnson since 8/29/85. When initially seen, she stated she was having difficulty with her breathing and her heart since 1983. In

1983, she started noticing spells of shortness of breath."

The Appeals Council found that Dr. Heilman's conclusion that plaintiff is disabled is not supported by objective medical findings. The question for the Court is whether it was proper for the Secretary to discount plaintiff's credibility, not whether the ultimate determination is inconsistent with her account. *Benskin v. Bowen*, 830 F.2d 878 (8th Cir.1987).

On remand, ALJ Stanley stated that he considered the *Polaski* standard for evaluating subjective complaints. He then set forth the following reasons for finding Mrs. Johnson's complaints incredible:

(1) her convenient memory,

(2) her certification that she was ready, willing and able to perform work in order to obtain monetary benefits from the state which is an indication of her willingness to mold the facts when it is to her financial benefit,

(3) the lack of objective medical findings which support any significant impairment in this claimant particularly with regard to arteriosclerosis or other significant heart impairment (despite the unfounded diagnosis of her treating physicians),

(4) the diagnostic tests including CAT scans, x-rays, heart catheterization studies, biopsies, etc. which refute the doctors' diagnosis,

(5) the negative report from Dr. Sirridge,

(6) the mental evidence showing that the claimant does not have a significant memory or other psychiatric impairment,

(7) psychological testing which shows the claimant is a hypochondriac,

(8) the claimants' low wage and sporadic work history,

(9) her other vague allegations at the hearing,

(10) her lack of continuous significant medical treatment for any condition,

(11) her ability to care for her disabled husband, and

(12) her lack of appearance of distress at the hearing,

all of which convince this Administrative Law Judge that the claimant has grossly exaggerated and/or fabricated her complaints in order to obtain monetary benefits.

This evaluation by ALJ Stanley seems to place excessive emphasis on the lack of objective medical evidence to support the degree of severity of Mrs. Johnson's complaint, and fails to detail all the *Polaski* factors. However, subjective complaints may be discounted if "there are inconsistencies in the evidence as a whole." *Beeler v. Bowen*, 833 F.2d 124 (8th Cir.1987), *quoting Herbert v. Heckler*, 783 F.2d 128, 131 (8th Cir.1986). In this case, such inconsistencies are apparent.

The Court recognizes that the substantial evidence standard allows considerable latitude to administrative decisionmakers. Such decisions are not to be reversed merely because substantial evidence could have supported an opposite decision. *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984). Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment is sustained, and plaintiff's motion for summary judgment is overruled.