**Ronald L. SIMMONS, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. C88–0087.**

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Feb. 21, 1989.

Marie A. Condon, Marshalltown, Iowa, for plaintiff.

Paul C. Lillios, Cedar Rapids, Iowa, for defendant.

## ORDER

HANSEN, District Judge.

This matter is before the court on plaintiff's motion for reversal of the final decision of the Secretary of Health and Human Services, filed September 19, 1988, and defendant's motion to affirm the Secretary's decision, filed November 17, 1988. The court notes plaintiff's reply, filed November 25, 1988.

In this action, plaintiff seeks reversal of the final decision of the Secretary denying plaintiff's claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33, and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83c.[1] Plaintiff has exhausted all administrative remedies and the action is properly before the court at this time. The nature of this court's review of the Secretary's final decision is set out in 42 U.S.C. § 405(g). In particular,

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the

---

1. The guidelines for a Title II action, 20 C.F.R. § 404.1501, *et seq.*, subpt. P, are the same for a Title XVI action, 20 C.F.R. § 416.901, *et seq.*, subpt. 1, and the court shall address both claims as one. *McCoy v. Schweiker,* 683 F.2d 1138, 1141 n. 3 (8th Cir.1982).

cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive....

42 U.S.C. § 405(g).

Plaintiff alleges disability due to the residual effect of injuries suffered in a severe motorcycle accident on October 13, 1968. In that accident, defendant suffered a dislocated right wrist, mandibular fractures, a fracture of the right humerus and right femur, and a cerebral concussion. Furthermore, plaintiff has received medical care for a left inguinal hernia caused by straining. Other problems include prostatic pain and a claim of arthritis.

After examining the record and hearing arguments, the Administrative Law Judge (ALJ) determined that the plaintiff has not been engaged in substantial gainful activity since November 1, 1986, the date of the onset of the alleged disability. The ALJ found that plaintiff's testimony was credible but that it did not show that he is totally disabled. The ALJ further found that plaintiff is unable to perform his past relevant work but that plaintiff has the residual functional capacity to perform work existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not disabled. On that basis, the ALJ denied plaintiff's claim. Plaintiff's motion alleges that defendant's denial of disability benefits is not supported by substantial evidence.

■ This court's role on review is to determine whether the record, when considered as a whole, provides substantial evidence to support the Secretary's decision that plaintiff is not disabled. *See, e.g., Hall v. Bowen,* 830 F.2d 906, 911 (8th Cir. 1987). The substantial evidence test, however, requires more than a mere search of the record for evidence supporting the Secretary's findings; review of the Secretary's decision must also take into account evidence in the record that detracts from the weight of the decision. *See Parsons v. Heckler,* 739 F.2d 1334, 1339 (8th Cir.1984) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951)). " 'Substantial evi-

dence is more than a mere scintilla....' It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole." *Celebrezze v. Bolas,* 316 F.2d 498, 501 (8th Cir.1963) (quoting *NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939)).

■ Although plaintiff cites no authority to support his argument, the thrust of his argument appears to be that the hypothetical question posed to the vocational expert was in error and that the vocational expert's response cannot constitute substantial evidence to support the ALJ's finding. Plaintiff's claim is without merit. A hypothetical must precisely set out the claimant's particular physical and mental impairments. *See, e.g., Whitmore v. Bowen,* 785 F.2d 262, 263 (8th Cir.1986). The hypothetical need not include impairments that are insignificant or unsupported by credible evidence. *See, e.g., Benenate v. Schweiker,* 719 F.2d 291, 292 (8th Cir.1983). However, it should be sufficiently precise so that it is clear the witness understands the question. *Ulrick v. Heckler,* 780 F.2d 1381, 1382 (8th Cir.1985). The court will not assume that a vocational expert is able to remember all of a claimant's impairments simply by being referred to the record. *See Stephens v. Secretary of Health, Educ. & Welfare,* 603 F.2d 36, 41–42 (8th Cir.1979).

The question in a Social Security case is not whether a Social Security claimant can find a job, but rather whether a claimant has the ability to perform substantial gainful activity as it exists in the national economy. In this case, the ALJ adequately discussed plaintiff's claims of pain in light of the factors listed in *Polaski v. Heckler,* 739 F.2d 1320, 1321–22 (8th Cir.1984) and its progeny. The hypothetical question posed to the vocational expert details with precision plaintiff's significant impairments that were supported by credible evidence. *See* Tr. 56–60. Even assuming that plaintiff could not work as a telephone solicitor, the vocational expert indicated that plaintiff could sit or stand at will while working as a security guard. Tr. 62. With regard

to plaintiff's claim that he cannot use his right arm, the vocational expert indicated that a person with only one arm could perform work as a security guard. *See* Tr. 60. Furthermore, from the record, the ALJ properly determined that plaintiff was capable of performing whatever minimal writing was required of a security guard. Contrary to plaintiff's allegations, the record does not support a finding that plaintiff has such severe concentration difficulties that he would be unable to perform such a job. Due to the light nature of this type of work, the record does not support a finding that plaintiff would have to lay down for two hours following four hours of work as a security guard.

Finally, although the ALJ did not explicitly discuss plaintiff's lack of financial resources when discussing his lack of prescription medication, *see Benson v. Heckler*, 780 F.2d 16, 18 (8th Cir.1985), the ALJ found that plaintiff's testimony was credible in its entirety. *See* Tr. 14. The ALJ found that, even when accepting plaintiff's testimony as true, it did not show that he was unable to perform substantial gainful activity. In sum, although the court is not unsympathetic to plaintiff's physical ailments, the ALJ's decision denying his claim is supported by substantial evidence when viewing the record as whole. *See, e.g., Hall*, 830 F.2d at 911. Accordingly, plaintiff's claims must fail.

ORDER:

Accordingly, It Is Ordered:

1. Plaintiff's motion for reversal of the Secretary's decision, filed September 19, 1988, is denied.

2. Defendant's motion to affirm the Secretary's decision, filed November 17, 1988, is granted.

3. Plaintiff's complaint is dismissed.