UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WENDELL K. RUSSELL,
　　　　　*Plaintiff-Appellant,*

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,
　　　　　*Defendant-Appellee.*

No. 02-1201

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
Mary Elizabeth Stanley, Magistrate Judge.
(CA-00-361-1)

Argued: December 3, 2002

Decided: February 7, 2003

Before MICHAEL and GREGORY, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge for
the Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Deborah Kay Garton, HENSLEY, MUTH, GARTON &
HAYES, Bluefield, West Virginia, for Appellant. Dina Tialoria White
Griffin, Assistant Regional Counsel, Office of the General Counsel,
SOCIAL SECURITY ADMINISTRATION, Philadephia, Pennsylva-
nia, for Appellee. **ON BRIEF:** Frank V. Smith, III, Acting Regional

Chief Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadephia, Pennsylvania; Kasey Warner, United States Attorney, Stephen M. Horn, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Plaintiff-Appellant Wendell K. Russell appeals from the Magistrate Judge's order[1] granting the Commissioner of Social Security Administration's motion for judgment on the pleadings on his claims for disability insurance benefits. Jurisdiction in this court is invoked pursuant to 28 U.S.C. § 1291. After carefully considering the record, the briefs, and the parties' argument, this court affirms the Magistrate Judge's ruling.

I.

Appellant Russell filed a claim for disability insurance benefits on August 15, 1995, alleging disability as of September 27, 1994, due to neck and back injuries and "bad nerves." (A.R. 22-25, 39). The claim was denied initially and upon reconsideration. (A.R. 26-28, 31-33).

Russell requested a hearing before an administrative law judge ("ALJ"), which was held on July 14, 1998. (A.R. 10). The ALJ rendered a decision on April 30, 1999, finding that, on the date his insured status expired (December 31, 1997), Russell was able to perform the mild exertional requirements of light work, reduced by several nonexertional limitations. (A.R. 10-20). The ALJ, accordingly,

---

[1]The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) (West 1993 & Supp. 2002).

held that Russell was "capable of making an adjustment to work which exists in significant numbers in the national economy" (A.R. 19), and thus denied Russell's application for benefits. The Appeals Counsel denied Russell's application for review.[2] (A.R. 4-5).

Russell filed a civil action in the district court, seeking review of the Commissioner's decision. (J.A. 2). Russell and the Commissioner filed cross-motions for judgment on the pleadings. (J.A. 3-4). On September 28, 2001, the Magistrate Judge granted the Commissioner's motion for judgment on the pleadings and affirmed the Commissioner's denial of benefits. (J.A. 6-28). The Magistrate Judge denied Russell's subsequent motion for reconsideration. (J.A. 29). Russell filed a timely notice of appeal. (J.A. 30).

So long as the correct law was applied and substantial evidence supported the Secretary's decision, we must affirm. 42 U.S.C. § 405(g) (West Supp. 2002); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig*, 76 F.3d at 589. The record before the ALJ was comprehensive, and his review thorough. The ALJ was in the best position to assess whether the gravamen of the evidence supported the appellant's account of his disabilities, and substantial evidence supported his finding that it did not. Therefore, finding no legal error, we affirm the Magistrate's holding.

---

[2]When, as here, the Appeals Counsel declines to overturn the decision of the ALJ, the ALJ's determination becomes the final decision of the Commissioner. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992).

## II.

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2000). If an individual is found "not disabled" at any step, further inquiry is unnecessary.[3] *Id*. at § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id*. at § 404.1520(b). If the claimant is not, the second inquiry is whether the claimant suffers from a severe impairment. *Id*. at § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id*. at § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id*. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id*. at § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering the claimant's remaining physical and mental capacities and the claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2000). The Commissioner must establish two things: (1) that the claimant, considering his or her age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

Although the ALJ found that appellant Russell suffered from severe impairments, he concluded that the impairments failed to meet or equal a listed impairment in Appendix 1. Instead, the ALJ found that Russell has a residual functional capacity for light work, reduced by nonexertional limitations. The ALJ ultimately concluded that

---

[3]A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

although Russell was unable to return to his former employment as a coal miner, he was still able to make an adjustment to other work that exists in significant numbers in the national economy.[4] In reaching this decision, the ALJ considered the appellant's age,[5] education level,[6] work experience, and residual functional capacity. (A.R. 11).

III.

On appeal, Russell first contends that the ALJ failed to properly credit the psychiatric evidence submitted by his treating psychiatrist, Dr. Philp B. Robertson, and Dr. Riaz Uddin Riaz, who conducted a one-time consultative examination on May 21, 1996. In particular, Russell argues that the evidence of record from his treating and examining sources is uncontradicted and supports a finding that he meets listing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. The Commissioner, however, contends that the ALJ properly weighed the opinions of Russell's treating and examining mental health providers of record.

The record reveals that Russell sought treatment at Springhaven, Inc. under the care of Dr. Robertson and two licensed psychologists, Elizabeth A. O'Hare, Ph.D., and John Terry, M.S. (A.R. 87-92, 156-224). The Commissioner argues that the treatment notes from Springhaven primarily reflect the appellant's subjective complaints, and are significant for consistent reports of a stable, calm, and constricted affect, without evidence of suicidal ideation. (A.R. 165-224).

Specifically, on a mental assessment form dated February 4, 1996, Dr. Robertson indicated that Russell had a good ability to follow work rules, relate to co-workers, and maintain personal appearance. (A.R. 113-14.) Additionally, Dr. Robertson noted that, while Russell had poor ability to deal with work stresses and carry out detailed and complex job instructions, he had fair ability to deal with the public; use judgment; interact with supervisors; understand, remember, and carry out simple job instructions; behave in an emotionally stable manner;

---

[4]According to the ALJ, for example, Russell could perform jobs such as office clerk and surveillance monitor.

[5]Russell was 36 years old when his insured status expired.

[6]Russell has a ninth grade education. (A.R. 11, 19).

relate predictably in social situations; and demonstrate reliability. *Id.* Then, on a second mental assessment form dated July 15, 1998, Dr. Robertson reached nearly identical conclusions as on the previous evaluation. (A.R. 261). Specifically, Dr. Robertson opined that Russell's functional abilities were essentially unchanged, with the exception of a poor ability to demonstrate reliability. *Id.*

Russell argued before the ALJ and the Magistrate Judge, and argues again now, that the responses on these forms confirm that he lacks certain skills and abilities that are necessary in maintaining gainful employment. The ALJ, however, rejected Dr. Robertson's assessment on the ground that it was "unsupported by the treatment records." (A.R. 13). The Magistrate Judge agreed, concluding that "a review of the treatment notes from Drs. Robertson and O'Hare and Mr. Terry reveals an individual who typically responded to treatment and whose mental conditions were well managed by his mental health providers." (J.A. 15).

The treatment notes from Springhaven support the Magistrate's conclusion. For instance, treatment notes dated December 10, 1997, less than one month before the appellant's insured status expired, indicate that he was "doing pretty well at this time, at least from a psychiatric standpoint." (A.R. 161). Certainly then the ALJ did not err in rejecting Dr. Robertson's assessment as being inconsistent with the medical evidence of record. *See* 20 C.F.R. § 404.1527(d)(2).

Similarly, the ALJ rejected the opinion of Dr. Riaz, who conducted a one-time evaluation of Russell. Dr. Riaz concluded that the appellant was "incapable of gainful employment," "unable to interact appropriately with his co-workers and supervisors," and "not a suitable candidate for vocational rehabilitation." (A.R. 154). The ALJ, however, was justified in rejecting the opinion of Dr. Riaz that Russell was totally disabled. Dr. Riaz conducted a one-time consultative examination and, as the ALJ observed, his findings of total disability are inconsistent with the remaining evidence of record, particularly that evidence from Drs. Robertson and O'Hare and Mr. Terry.

Appellant Russell's primary complaint on appeal is that the ALJ improperly "supplanted" the opinions of Drs. Robertson and Riaz with his own "inexpert analysis." (Appellant's Brief at 8, 10). As the

Magistrate Judge held, however, it is clear that the "ALJ based his finding[s] . . . on Claimant's testimony, Claimant's statements in the hearing file and the assessments of various mental treating sources." (J.A. 16). The ALJ also noted that Russell is able to perform in counseling and work well with his counselor. (A.R. 14). Even more, the ALJ found the appellant to be coherent and able to answer questions at the hearing. *Id.*

Additionally, as the Magistrate Judge explained, the ALJ's hypothetical question included the limitation that Russell was moderately limited in the ability to maintain attention and concentration for extended time periods. In response, the vocational expert identified a significant number of jobs the appellant could perform. (A.R. 274-75). Even if Russell is more severely limited in this area, this does not amount to the listing level severity, as the appellant must show marked impairment in at least two areas. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04(B) (2000).[7]

To that end, the ALJ did not err in discrediting the psychiatric evidence submitted by Drs. Robertson and Riaz. The aforementioned evidence from Russell's treating health sources is largely silent as to any significant problems with concentration, persistence and pace. The ALJ's findings are supported by substantial evidence and, therefore, the Magistrate Judge's dismissal of this claim shall be affirmed.

---

[7]Section 12.04(B) requires at least two of the following:

    1. Marked restriction of activities of daily living; or

    2. Marked difficulties in maintaining social functioning; or

    3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or

    4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration or adaptive behaviors).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04(B) (2000).

## IV.

Russell's second contention on appeal is that the ALJ erred by not including all of Russell's impairments in posing his hypothetical question to the vocational expert. Specifically, the appellant argues that the question inaccurately assumed that Russell was able to function at a ninth grade level and failed to adequately consider restrictions faced by Russell due to pain.

It is well established that for a vocational expert's opinion to be relevant, it must be in response to a proper hypothetical question that sets forth all of the claimant's impairments. *Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989). "[I]t is difficult to see how a vocational expert can be of any assistance if he is not familiar with the particular Claimant's impairments and abilities — presumably, he must study the evidence of record to reach the necessary level of familiarity." *Id.* at 51. While questions posed to the vocational expert must fairly set out all of the claimant's impairments, the question need only reflect those impairments supported by the record. *See Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Finally, the hypothetical question may omit non-severe impairments, but must include those that the ALJ finds to be severe. *Benenate v. Schweiker*, 719 F.2d 291, 292 (8th Cir. 1983).

First, Russell argues that the ALJ impermissibly rejected the findings of Phyllis C. Shapero, a vocational expert who opined that Russell was disabled. According to the ALJ, Shapero's assessment was rejected on the grounds that she was not a medical source and her findings were based on Russell's subjective complaints alone. (A.R. 17). Shapero declined to complete a form entitled, "Ability to Do Work-Related Activities," stating that she is not a medical doctor and simply "relayed Mr. Russell's functional abilities as he related them to me." (A.R. 292). The ALJ acted well within his sound discretion in rejecting Shapero's assessment on that basis.

Additionally, the ALJ's hypothetical question submitted to the vocational expert adequately contemplated all of Russell's impairments and resulting limitations, including any limitations caused by pain and a diminished level of intellectual functioning. In that regard, the question posed to the vocational expert reasonably set out Rus-

sell's impairments as found by the ALJ. *See Walker*, 889 F.2d at 50-51. The ALJ included the physical impairments identified by the medical evidence, particularly the limitations set forth by Dr. Gobunsuy in his "Medical Assessment of Ability to Do Work-Related Activities" report. (A.R. 262-270). The inclusion of these impairments in the ALJ's hypothetical question adequately contemplated the limitations faced by Russell due to pain.

Moreover, the Magistrate Judge correctly found that the ALJ adequately reflected Russell's diminished level of intellectual functioning in his hypothetical question by including limitations as to Russell's education level, ability to maintain attention and concentration, perform at a consistent pace, and to complete a work day or work week free from psychologically based symptoms. Accordingly, the ALJ properly included all of appellant Russell's impairments supported by the evidence of record in posing the hypothetical question to the vocational expert.

*AFFIRMED*