# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2963EA

_____

| | | |
|---|---|---|
| Winston G. Chandler, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| | * | |
| The United States Air Force, Secretary; | * | On Appeal from the United |
| | * | States District Court for |
| Defendant-Appellee, | * | the Eastern District of |
| | * | Arkansas. |
| Raymond H. Weller, Chief of | * | |
| Correction Board, United States Air | * | |
| Force; Martha Maust, Panel Chair, | * | |
| United States Air Force, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: December 2, 2002

Filed: February 25, 2003

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

In this case Major Winston G. Chandler, United States Air Force Reserves, retired, seeks judicial review of his claim that he should have been promoted to

Lieutenant Colonel. This claim has been denied by the Air Force Board for the Correction of Military Records. In a previous appeal, we held that the District Court[1] has jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., to review decisions of the Air Force Board, and to set them aside if they are arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, or contrary to law. See Chandler v. United States Air Force, 255 F.3d 919, 921, rehearing denied, 272 F.3d 527 (8th Cir. 2001).

On remand, the District Court upheld the decision of the Air Force Board and dismissed Mr. Chandler's complaint. We affirm. The facts are stated in our previous opinions, but we briefly restate them here. Mr. Chandler was commissioned a Second Lieutenant in the Army Air Corps, predecessor of the Air Force, in 1944. He was discharged in 1945, at the end of World War II, and became an officer in the United States Air Force Reserve. He was promoted to First Lieutenant in 1950, and thereafter to Captain and Major. He retired from the Reserve as a Major in 1966. As we shall explain in somewhat more detail later, he claims that he should have been promoted to Lieutenant Colonel before retirement. The Air Force Board rejected this claim, principally on the basis that the Reserve Officers Personnel Act of 1954 (ROPA), Pub. L. No. 773, 83d Cong., 2d Sess., c. 1257, 68 Stat. 1147, on which Mr. Chandler mainly relied, did not apply to this case.

Our review of the Board's decision is limited. We must defer to the Air Force Board's interpretation of the governing statutes, and accept that interpretation if it is reasonable, regardless of how we might have interpreted the statutes as an original matter. This deference, owed to administrative decisions in general, is perhaps at its zenith when military matters are involved. Our review of a military agency's decision "must be extremely deferential because of the confluence of the narrow scope of

---

[1]The Hon. James M. Moody, United States District Judge for the Eastern District of Arkansas.

review under the APA and the military setting." Henry v. United States Dept. of the Navy, 77 F.3d 271, 272 (8th Cir. 1996).

The key to plaintiff's argument is that he should have been promoted from Second Lieutenant to First Lieutenant in August of 1947, after three years as a Second Lieutenant. Instead, he had to wait until June 12, 1950, more than five years. If promotion had occurred at the earlier time, plaintiff argues, his subsequent promotions would also have occurred earlier, and he would have retired as a Lieutenant Colonel rather than a Major. Plaintiff cites Section 308 of ROPA, 68 Stat. at 1155-56. This provision reads in full as follows:

> Sec. 308. Each nonunit officer of the Army Reserve who is found by the Secretary or any officer he designates to be qualified for promotion shall be promoted, effective on the date he has three years of promotion service, regardless of a vacancy in the grade of first lieutenant.

The first time it rejected Mr. Chandler's application, the Board relied, in part, on an advisory opinion of an officer of the Air Reserve Personnel Center to the effect that under Air Force regulations in effect before 1950 officers could be promoted only to fill existing vacancies. Section 308 of ROPA, just quoted, seems clearly inconsistent with this view. It mandates promotions "regardless of a vacancy in the grade of first lieutenant." But does Section 308 apply to this case? Mr. Chandler claims the promotion in question should have occurred in 1947. ROPA was not enacted until September 3, 1954, with a general effective date of July 1, 1955. ROPA § 701, 68 Stat. at 1188. Retroactivity is not favored in the law, and a statute will not be construed to have retroactive effect unless its language or context rather clearly so indicates. E.g., Bowen v. Georgetown University Hospital, 488 U.S. 204 (1988).

Nothing in Section 308 itself indicates that it was intended to be retroactive. On the contrary, the provision expressly looks to the future, stating that certain officers "shall be promoted" (emphasis supplied) under certain conditions. Plaintiff contends that ROPA § 207 supplies the necessary retroactivity. This appears to be a mistaken citation. ROPA § 207, 68 Stat. at 1152, applies to "Reserve officers who are hereafter ordered to active duty . . .." (emphasis supplied). Mr. Chandler does not fit this category. He has never, while an officer in the Reserve, been ordered to active duty, either before or after the enactment of ROPA. The plaintiff also cites, however, Section 207 of the Legislative Reorganization Act of 1946, Pub. L. No. 601, 79th Cong., 2d Sess., c. 753, 60 Stat. 812, 837. This is a general provision authorizing the secretaries of the military department, acting through civilian boards, to correct military or naval records where "necessary to correct an error or to remove an injustice." We agree with plaintiff that this statute may, in some instances, authorize a retroactive promotion. But the authority is a general one. It applies where, for some legal reason, retroactive promotion is required, or at least appropriate, under law in effect at the relevant time, or later enacted and made retroactive to that time. That legal reason, plaintiff contends, is found in ROPA § 308; but, as we have seen, that provision applies only to situations arising after the effective date of ROPA.

In addition to these problems of retroactivity, plaintiff's ROPA theory faces another difficulty which appears to us to be insuperable. ROPA § 308, on which his argument mainly depends, is in Title III of the act, which, see § 301, "applies only the Reserve officers of the Army." 68 Stat. at 1153. When ROPA was enacted, the plaintiff was not in the Army. He was in the Air Force, which is governed by Title V of ROPA, 68 Stat. at 1171-83. The plaintiff initially became an officer at a time when the Air Force, then called the Army Air Corps, was part of the Army, but this situation had changed, and the Air Force had become a separate service, well before ROPA became law.

\*    \*    \*    \*    \*

We conclude that our reviewing authority is not sufficient to allow us to set aside the decision of the Air Force Board for the Correction of Military Records. The Board's interpretation of the governing military statutes was not unreasonable. The Board's action was not so far out of bounds as to be justly denounced as arbitrary and capricious. The judgment of the District Court is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.