259 F.Supp.2d 939 (2003)
Tommy J. HALL, Plaintiff,
v.
SECRETARY OF THE ARMY, Defendant.
No. 4:02 CV 752 DDN.
United States District Court, E.D. Missouri, Eastern Division.
March 11, 2003.
Laurence D. Mass, Clayton, MO, Daniel M. Schember, Susan B. Dunham, Gaffney And Schember, P.C., Washington, DC, for Plaintiff.
Raymond W. Gruender, III, Joseph B. Moore, Office of U.S. Attorney, St. Louis, MO, for Defendant.

MEMORANDUM
NOCE, United States Magistrate Judge.
This action is before the court for judicial review[1] of the final decision of the *940 Army Board for the Correction of Military Records that plaintiff Tommy J. Hall is not entitled to modification of the records that show that he separated from the Army on May 7, 1997. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Scope of judicial review
The Secretary of a military department, acting through a board, may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or to remove an injustice. See 10 U.S.C. § 1552(a)(1); Watson v. Ark. Nat'l Guard, 886 F.2d 1004, 1011 (8th Cir.1989). This court has jurisdiction under 28 U.S.C. § 1331 to adjudicate the claims plaintiff has brought pursuant to 5 U.S.C. § 702 (the Administrative Procedure Act). See Chandler v. United States Air Force, 255 F.3d 919, 921 (8th Cir.2001).
The authority of this court in reviewing such board decisions is limited. "Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." Chappell v. Wallace, 462 U.S. 296, 303, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983); see also 5 U.S.C. § 706(2)(A), (E).
"The arbitrary and capricious standard is a narrow one that reflects the deference given to agencies' expertise within their respective fields." Henry v. United States Dep't of Navy, 77 F.3d 271, 272 (8th Cir.1996). "As long as the agency provides a rational explanation for its decision, a reviewing court cannot disturb it." Nat'l Wildlife Fed'n v. Whistler, 27 F.3d 1341, 1344 (8th Cir.1994); accord Henry, 77 F.3d at 272-73 (judicial review is limited to deciding whether the board's decision-making process was deficient, not whether the decision was correct). More over, in the context of a military agency's ruling, extreme deference is given "because of the confluence of the narrow scope of review under the APA and the military setting." Henry, 77 F.3d at 272; see also Chandler v. United States Air Force, No. 02-2963, 2003 WL 440473, at *1 (8th Cir. Feb. 25, 2003).
In deciding whether or not the board's decision is supported by substantial evidence, the court is mindful that substantial evidence is evidence a reasonable person would accept to support a finding, Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), and that the court must review the entire record and consider whatever detracts from the substantial nature of the evidence marshaled to support the board's decision. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir.1987). The court may not reach a conclusion different from the board's merely because there is substantial evidence to support a different conclusion. Henry, 77 F.3d at 273.
For the reasons set out below, the court determines that at least one cardinal finding by the board is not supported by substantial evidence. The board's decision must be reversed and the action remanded to the board for further proceedings.

The administrative record
The administrative record included the following information. Plaintiff is a former member of the Missouri Army National Guard (Guard) and also was a federal excepted service technician employed by the Guard under 32 U.S.C. § 709. On May 7, 1997, The Guard honorably discharged him because his enlistment term had expired. On June 27, 1997, he lost his civilian technician employment, as it required military membership. Plaintiff had nearly 18 years of service creditable for *941 retirement, but the loss of military membership terminated his eligibility for retirement pay.
As early as May 1991 plaintiff was disciplined for such matters as his hair length, conduct unbecoming a noncommissioned officer, disrespect to a commissioned officer, and failure to comply with a direct order. (Doc. 13 Board Record (BR) at 22-40, 108-28.) On May 7, 1995, plaintiffs commanding officer recommended that plaintiff be barred from reenlisting. At that time, plaintiffs Expiration of Term of Service (ETS) was May 7, 1996. After the commander's recommendation was approved, plaintiff appealed to the Adjutant General, who denied the appeal but stated that, should the circumstances warrant, the bar may be lifted. The Adjutant General, noting plaintiffs length of service, stated that the decision was extremely difficult and that the military and civilian personnel offices would be asked about reassigning plaintiff to a new military and technician environment. (Id. at 42.)
Plaintiff was given the choice of reassignment to an aircraft mechanic position in another city or taking a lower paying automotive worker position. In December 1995 he was transferred to the latter position. Thereafter, the bar to his reenlistment was lifted; and he was allowed to, and did, extend his ETS for one year, from May 7, 1996, to May 7, 1997. (Id. at 44-50, 59-62.)
As early as September 1996, plaintiff received psychiatric treatment and counseling for depression and generalized anxiety disorder. (Id. at 85.) The record before the board contained 19 written reports and letters from plaintiffs psychiatrist which indicated a substantial mental condition exacerbated by working conditions. (Id. at 85-105.) The psychiatrist found that plaintiffs work circumstances were contributing causes of major depression; he placed plaintiff on anxiety and depression medication, and supported a claim by plaintiff for workers' compensation. On March 27, 1997, the psychiatrist recommended that plaintiff take a leave of absence from the workplace. (Id. at 93.) In April 1997, he recommended that the leave be continued. (Id at 95.) On May 14, 1997, he recommended that plaintiff remain away from work, on workers' compensation, until plaintiffs mental health recovered. (Id. at 98.) For several weeks before and after May 7, 1997, plaintiff was on sick leave. (Id.) On May 13, 1997, the psychiatrist requested that the Guard extend plaintiffs sick leave an additional 30 days. (Id. at 104.) This request was ultimately denied, because plaintiffs enlistment had expired and he was no longer to be employed by the Guard.
Effective June 27, 1997, because his enlistment ended on May 7, 1997, plaintiff was terminated from employment with the Missouri Army National Guard. (Id. at 65-66, 83.) At termination, he was given reenlistment code RE 3, which indicated that reenlistment was to be either barred or possible "only with a waiver." (Id. at 67.) On August 11, 1997, the Army Inspector General's Office informed plaintiff that he had not provided evidence that he was medically unable to contact his military unit to enlist. (Id. at 80.)
After May 7, 1997, plaintiff twice attempted to reenlist. On the first attempt, made on July 8, 1997, plaintiff alleges, the Guard refused to process his reenlistment. Plaintiff alleges his discharge papers showed the RE 3 reenlistment code erroneously. In 1998 the Guard agreed and stated that the proper code should have been RE 1, indicating eligibility for reenlistment. (Id. at 51-53,143.)
In connection with the second reenlistment attempt, an Army psychiatrist examined plaintiff and determined that he should be permanently disqualified from *942 reenlisting and recommended against a "waiver," because of plaintiffs "major depression, generalized anxiety disorder and PTSD." The Army doctor followed the psychiatrist's report and disqualified plaintiff, citing "major depression, generalized anxiety disorder & PTSD May 98." (Id. at 106.)

The Board's decision
Plaintiff filed an application requesting that the board correct his records to show that he was extended or reenlistednot separatedon May 7, 1997, and that he had remained in the Guard. He further requested back pay and other benefits he would have received as a civilian employee had his technician employment not been terminated. He also raised issues about the non-compliance with AR 601-280, the erroneous RE 3 code, and the determination that he was medically ineligible to reenlist. (Id. at 11-12.)
On January 23, 2001, the board denied relief, ruling expressly as follows:
1. It appears the applicant was properly discharged on 7 May 1997. Neither he nor counsel has shown otherwise.
2. There is nothing in the available records indicating the applicant was incapable of reenlisting or extending his enlistment, or that he was improperly denied the options.[2]
3. There is nothing in the available records showing the applicant was entitled to medical processing upon separation.
4. It is noted that military technician status/records do not come under the jurisdiction of this Board.
5. In order to justify the correction of a military record, the applicant must show to the satisfaction of the Board, or it must otherwise satisfactorily appear, that the record is in error or unjust. The applicant has failed to submit evidence that would satisfy this requirement.
6. In view of the foregoing, there is no basis for granting the applicant's request.
(Id. at 6-7.)

Plaintiffs arguments
In his judicial complaint, plaintiff argues that the board's determinations and conclusions were arbitrary and capricious, contrary to law, and unsupported by substantial evidence. He reiterates the arguments he made to the board in his written application and challenges the board's conclusion that nothing in the records indicated he was incapable of reenlisting or extending his enlistment before May 7, 1997.
Plaintiff also alleges, "As a result of his medical condition and compliance with his doctor's order to be on sick leave, [plaintiff] failed to realize that he needed to extend his enlistment before May 7, 1997 and did not extend his enlistment." He "overlooked the fact that his enlistment would expire and failed to take action necessary to extend his enlistment." Moreover, plaintiff alleges defendant had not provided plaintiff with reenlistment interviews and counseling before the reenlistment dateline, which he states were required by National Guard Regulation (AR) 601-280 ¶ 3-1. (Doc. 1, Complaint at 2, 8.)
In addition, plaintiff maintains that the board did not address whether (1) the Guard's refusal to process his summer 1997 reenlistment request stemmed from the erroneous RE 3 code, his former commander's hostility, and the Guard's erroneous assertion that he was still barred from *943 reenlistment; (2) plaintiffs overlooking his need to reenlist by May 7 resulted from the Guard's failure to the provide him with the required counseling and interviews, his mental condition, and his doctor's orders not to work; and (3) the denial of the second reenlistment attempt stemmed from Guard managers' interference in the determination of his medical eligibility.
Plaintiff argues that the denial of reenlistment was improper, because the determination that his history of anxiety and depression should not be waived was made without determining his current health and without considering that the adverse circumstances would be eliminated by reinstatement into a non-hostile environment. He asserts that the board's conclusion regarding "medical processing upon separation" was irrelevant. Finally, he argues that, to the extent the board's failure to address and make findings on the matters he raised was due to its conclusion that "military technician status/records do not come under the jurisdiction of this Board," such failure was contrary to law. Defendant's arguments
In support of dismissal, defendant argues that plaintiffs complaint concedes material facts that prove fatal: (1) plaintiff forgot to reenlist before his May 1997 ETS; (2) defendant determined plaintiff was disqualified from reenlisting in September 1998 because of his history of mental health disorders; and (3) these disorders existed in the months just before May 1997. Defendant argues that Army Regulation (AR) 601-280 does not prohibit the Guard from discharging soldiers upon reaching their ETS, nor does it state that a soldier who has not been counseled on reenlistment opportunities cannot be discharged upon his ETS. Defendant adds that (1) AR 600-200 ¶ 1-1 establishes the policies and procedures for accession, retention, bars to reenlistment, and reenlistment extensions, and (2) under AR 40-501, "Standards of Medical Fitness", medical history can establish disqualification for enlistment based upon a mental disorder.

Discussion
Defendant makes much of the fact that the evidence of record supports the board's denial of relief, in spite of the substance of the board's decision. Plaintiffs admission that he "failed to realize" and "overlooked the fact" that he needed to reenlist by May 7, 1997, must be considered in the context of the entire record. The defendant relies upon the medical evidence in the record to show a lack of qualification for enlistment. Yet this evidence shows that plaintiff suffered from a severe mental condition and that he was cautioned by his psychiatrist to avoid the workplace.[3] In spite of this evidence, twice in its decision the board states there was no evidence in the record that indicated that plaintiff was unable to reenlist. This is simply not the case.
Whether the board would have ruled the same,[4] as defendant argues, or differently, *944 had it considered the evidence of plaintiffs mental condition, is irrelevant. It is not for this court but the board to make that decision. See Am. Diversified Foods, Inc. v. NLRB, 640 F.2d 893, 894-95 (7th Cir. 1981) (the reviewing court must take into account the entire record, including the evidence opposed to the board's view from which conflicting inferences reasonably could be drawn; if when so viewed in its entirety, the record contains such evidence as a reasonable mind might accept as adequate to support a conclusion, the court must accept the board's findings).
The board also ruled that nothing in the record indicates that plaintiff qualified for medical processing upon separation. How that conclusion relates to plaintiffs circumstances is not explained. What is clear is that Army Regulations require counseling of soldiers shortly before an enlistment runs out, in an effort to maintain the unit's strength. See AR 601-280 ¶¶ 1-6, 1-11a, 3-1, 3-2 (Army National Guard Attrition Management Program). While AR 600-200 does not prohibit discharging a soldier because there was no such counseling, it is clear the board did not consider the lack of counseling in determining whether plaintiff was at fault for not reenlisting. Similarly, the fact that plaintiffs medical condition may support an adverse determination, such is for the board to decide, not this court.
The law is clear that, although the court may not supply a reasoned basis for the board's decision that the board itself did not conclude, the court must uphold a decision of less than ideal clarity if the court can discern the board's reasoning. See Mausolf v. Babbitt, 125 F.3d 661, 667 (8th Cir.1997), cert, denied, 524 U.S. 951, 118 S.Ct. 2366, 141 L.Ed.2d 735 (1998). This principle is not applicable here, because the board did not choose between competing items of evidence. It ruled that "[t]here was no evidence that plaintiff was incapacitated during the months prior to or immediately following his discharge" and that "[t]here is nothing in the available records indicating the applicant was incapable of reenlisting or extending his enlistment." As set forth above, the record before the board contained such evidence and the board must reconsider its decision.
For these reasons, the final decision of the board must be reversed and the action remanded to the board for further consideration of the record and the making of supplemental findings and conclusions. 5 U.S.C. § 706. An appropriate order is issued herewith.

ORDER OF REMAND
In accordance with the Memorandum filed herewith,
IT IS HEREBY ORDERED that the motion of the defendant to dismiss or for summary judgment (Doc. 13) is denied.
IT IS FURTHER ORDERED that the motion of the plaintiff for summary judgment (Doc. 13) is sustained.
IT IS FURTHER ORDERED that the final decision of the Army Board for Correction of Military Records is reversed and the action remanded to the Board for further consideration of the record and the making of supplemental findings and conclusions.
NOTES
[1] Before the court are the motion of defendant Secretary of the Army to dismiss or, in the alternative, for summary judgment and on plaintiff Tommy J. Hall's cross-motion for summary judgment. (Doc. 13.)
[2] Earlier in the decision, the board found, "There is no evidence that the applicant was incapacitated during the months prior to or immediately following his discharge." (Id. at 5.)
[3] The record also contains (1) a document from a division of the state of Missouri, which determined that plaintiff was under a doctor's care and unable to reenlist and that he thus was not disqualified from receiving workers' compensation benefits; (2) a March 25, 1998 letter from Dr. Simpson, which states that plaintiff was not responsible for reenlisting given his depression; and (3) plaintiff's own declaration submitted in support of his application to the board in which he states that as a result of his medical condition and his doctor's order to stay away from work he "mistakenly" failed to extend his enlistment. (Id. at 81, 105, 129.)
[4] Under the applicable regulation, AR 40-501 ¶ 2-28(b) and (c), a history of anxiety or mood disorders resulting in "[c]are by a physician or other mental health professional for more than 6 months" and symptoms that impair work efficiency are, causes for rejection of reenlistment.